BEN JOHNSON HOMES, INC. v. WATKINS

[142 N.C. App. 162 (2001)]

———————————

BEN JOHNSON HOMES, INC., A GEORGIA CORPORATION, AND C. BENJAMIN JOHNSON, JR., INDIVIDUALLY, PLAINTIFFS v. CAROL FREES WATKINS, DEFENDANT

No. COA00-406

(Filed 6 February 2001)

1. **Corporations— foreign—certificate of authority—suspension—effect on contract**

The trial court did not err by granting defendant's motion for summary judgment on a contract claim for disputed amounts arising from work on defendant's property, and did not err by denying defendant's motion for summary judgment on a quantum meruit claim, where the corporate plaintiff entered into and performed the contract at a time when its certificate of authority to transact business in the state had been suspended. Any act performed by a foreign corporation during the period of suspension

BEN JOHNSON HOMES, INC. v. WATKINS

[142 N.C. App. 162 (2001)]

is invalid and of no effect. Since the services rendered by the individual plaintiff were rendered on behalf of the corporation, the individual plaintiff is also not entitled to seek recovery on the invalid contract or under quantum meruit.

**2. Appeal and Error— constitutional issue—not raised at trial**

The question of whether N.C.G.S. § 105-230 is unconstitutional because it does not require prior notice of suspension of a certificate of authority to do business in North Carolina was not considered where the record did not reflect assertion of the constitutional issue at trial.

Judge TYSON dissenting.

Appeal by plaintiffs from order filed 1 February 2000 by Judge Beverly T. Beal in Transylvania County Superior Court. Heard in the Court of Appeals 9 January 2001.

*Coward, Hicks & Siler, P.A., by William H. Coward, for plaintiff-appellants.*

*Cloninger, Lindsay, Hensley, Searson & Arcuri, P.L.L.C., by John C. Cloninger, for defendant-appellee.*

GREENE, Judge.

Ben Johnson Homes, Inc. (Johnson, Inc.) and C. Benjamin Johnson, Jr. (Johnson), (collectively, Plaintiffs) appeal from a 1 February 2000 order (the order) granting a motion for summary judgment in favor of Carol Frees Watkins (Defendant) dismissing Plaintiffs' breach of contract claim.[1]

Johnson is the president and sole shareholder of Johnson, Inc. Johnson, Inc., a Georgia Corporation, obtained a certificate of authority to transact business in North Carolina (the certificate) on 1 November 1993. Johnson, Inc. is in the business of developing and improving residential property. On 13 October 1995, the certificate was suspended by the State of North Carolina and was revoked by the North Carolina Secretary of State on 26 April 1996 as a result of Johnson, Inc.'s failure to file a report required by the revenue statutes. After the certificate was revoked, Johnson, Inc. entered into

---

1. We note Defendant asserted counterclaims against Plaintiffs and those were not adjudicated by the trial court.

a construction contract (the contract) on 15 November 1996 to improve Defendant's property in Transylvania County. The certificate remained in a state of revocation during the time Johnson, Inc. entered into the contract with Defendant and at the time Johnson, Inc. performed work on Defendant's property.

Once Johnson, Inc. began performing work on Defendant's property, numerous changes were made to the contract by the agreement of both parties. After the changes were made, disputes arose between the parties concerning the amount Defendant owed to Johnson, Inc. and its completion of construction on Defendant's property. On 11 March 1998, Johnson, Inc. received a letter from Defendant terminating the contract. On 25 January 1999, the certificate was reinstated.

On 9 December 1999, Plaintiffs filed a complaint alleging Defendant breached the contract Defendant had entered into with Johnson, Inc. and pursuant to which the construction had occurred. Plaintiffs also alleged a claim for *quantum meruit* against Defendant based on Plaintiffs' allegations that Johnson, Inc. rendered services that were accepted by Defendant under circumstances which notified Defendant that Johnson, Inc. expected payment. In response, Defendant alleged Johnson, Inc. was not lawfully entitled to sue Defendant on the contract in question and filed a Rule 12(b)(6) motion to dismiss Plaintiffs' claims.

At the hearing on Defendant's motion to dismiss, various affidavits and Johnson's deposition were presented into evidence. All the affidavits related to the question of whether Johnson, Inc. had received notice of the corporate certificate suspension. In Johnson's deposition, Johnson testified he was the president and sole stockholder of Johnson, Inc. and any construction work done on any project in North Carolina was done by Johnson, Inc., not by "Ben Johnson individually." Johnson's role was to "review and critique the work" of Johnson, Inc. and he was paid for those services by Johnson, Inc. The trial court treated Defendant's motion to dismiss as a motion for summary judgment and granted summary judgment in favor of Defendant on Plaintiffs' breach of contract claim but it denied Defendant's motion with respect to Plaintiffs' *quantum meruit* claim.

The issues are whether: (I) a foreign corporation can maintain a claim to enforce a contract entered into during a period of revenue suspension; (II) an individual, as president and sole shareholder of a

**BEN JOHNSON HOMES, INC. v. WATKINS**

[142 N.C. App. 162 (2001)]

foreign corporation, can enforce a contract entered into during a period of revenue suspension; and (III) Plaintiffs can contest the constitutionality of N.C. Gen. Stat. § 105-230 before this Court when they did not do so before the trial court.

I

[1] A foreign corporation, wishing to do business in the State of North Carolina, must request a "certificate of authority to transact business" (certificate of authority) in this State.[2] N.C.G.S. § 55-15-03(a) (1999); N.C.G.S. § 55-15-01(a) (1999). The North Carolina Secretary of State, after determining the corporation has complied with sections 55-15-03(a)-(b), shall issue the certificate of authority. N.C.G.S. § 55-15-03(c) (1999). Once issued a certificate of authority, the foreign corporation is required to file with the Secretary of Revenue an annual report setting forth the information itemized in section 55-16-22(a3), N.C.G.S. § 55-16-22(a) (1999), and pay those fees as stated in section 55-1-22(a), N.C.G.S. § 105-256.1 (1999). The failure to file the required report and/or pay the required fees requires the Secretary of State, upon notification from the Secretary of Revenue, to suspend the foreign corporation's certificate of authority. N.C.G.S. § 105-230(a) (1999). "Any act performed [by a foreign corporation] . . . during the period of suspension is invalid and of no effect." N.C.G.S. § 105-230(b) (1999); *Pierce Concrete, Inc. v. Cannon Realty & Construction Co.*, 77 N.C. App. 411, 412-13, 335 S.E.2d 30, 31 (1985); *South Mecklenburg Painting Contractors, Inc. v. Cunnane Group, Inc.*, 134 N.C. App. 307, 312, 517 S.E.2d 167, 170 (1999) (corporation "may not bring suit to enforce a contract entered into during a period of revenue suspension").[3]

---

2. Although there is a requirement for all foreign corporations to obtain a certificate of authority prior to doing business in this State, "the failure . . . to obtain a certificate of authority does not impair the validity of its corporate acts or prevent it from defending any proceeding in this State." N.C.G.S. § 55-15-02(e) (1999). Prior to the trial of a claim asserted by a foreign corporation without a certificate of authority, however, the corporation must first obtain a certificate of authority. N.C.G.S. § 55-15-02(a) (1999). In this case, Johnson, Inc. had obtained a certificate of authority and, thus, was not operating within the purview of section 55-15-02.

3. We note that in *South Mecklenburg* a domestic corporation was involved, not a foreign corporation, and the charter was suspended, not the certificate of authority to do business in this State. These distinctions are not material as section 105-230(a) has specific reference to the suspension of either the articles of incorporation of a domestic corporation or the certificate of authority of a foreign corporation. In either event, the acts of the corporation subsequent to the suspension are invalid. N.C.G.S. § 105-230(b).

BEN JOHNSON HOMES, INC. v. WATKINS

[142 N.C. App. 162 (2001)]

In this case, Johnson, Inc. entered into the contract with Defendant and performed that contract at a time when its certificate of authority was in a state of suspension. Thus, the contract and any rights, including claims based in equity (*i.e.*, claims based on *quantum meruit*), arising under that contract are of no force and effect and are not enforceable. Accordingly, the trial court did not err in granting Defendant's motion for summary judgment on the contract claim but it did err in denying Defendant's motion on the *quantum meruit* claim.[4]

## II

"If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal." *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989). In this case, Johnson's claims, contract and *quantum meruit*, were based solely on the contract entered into by Johnson, Inc. All the evidence shows Johnson worked for Johnson, Inc., was paid by the corporation, and any services rendered by Johnson to Defendant were rendered on behalf of Johnson, Inc., not Johnson individually. Because we hold the contract was not enforceable and because the services rendered to Defendant by Johnson were rendered on behalf of the corporation, Johnson is not entitled to seek enforcement of and recovery on the corporation's invalid contract or recovery under *quantum meruit*. Accordingly, the trial court did not err in granting Defendant's motion for summary judgment on Johnson's breach of contract claim and it did err in denying Defendant's motion for summary judgment on the *quantum meruit* claim.[5]

## III

[2] Plaintiffs argue N.C. Gen. Stat. § 105-230 is unconstitutional because it does not require the corporation, whose certificate of authority has been suspended, be notified of the suspension prior to the suspension taking effect. As the record does not reflect this constitutional argument was asserted at trial, we decline to address the issue. *See Midrex Corp. v. Lynch*, 50 N.C. App. 611, 618, 274 S.E.2d 853, 858, (appellant must "affirmatively show that the [constitutional]

---

4. As the trial court denied Defendant's motion for summary judgment on Johnson, Inc.'s claim in *quantum meruit*, we review that denial by granting Defendant's petition for *certiorari*.

5. As the trial court denied Defendant's motion for summary judgment on Johnson's claim in *quantum meruit*, we review that denial by granting Defendant's petition for *certiorari*.

**BEN JOHNSON HOMES, INC. v. WATKINS**

[142 N.C. App. 162 (2001)]

question was raised and passed upon in the trial court"), *appeal dismissed and disc. review denied*, 303 N.C. 181, 280 S.E.2d 453 (1981).

Affirmed in part, reversed in part, and remanded.[6]

Judge HORTON concurs.

Judge TYSON concurs in part and dissents in part.

TYSON, Judge, concurring in part, dissenting in part.

I concur with the result of the majority as to the corporate plaintiff. This Court is bound by the statute and the cases the majority cites, holding that acts performed by a foreign corporation during a period of suspension are invalid. I note that such an opinion treats foreign corporations, which initially complied with the law, but subsequently had certificates of authority revoked for inadvertently not filing reports, far worse than those which never complied with the law requiring a certificate of authority.

I disagree with the majority as to the individual plaintiff, Ben Johnson. The trial court properly denied defendant's motion for summary judgment on Johnson's claim of *quantum meruit*. The majority holds that Johnson's claim for *quantum meruit* must fail because it was based on "an invalid contract." However, the law of this State has never required a claim for *quantum meruit* to be based on a contract.

In fact, recovery under *quantum meruit* has been held to be inappropriate <u>because</u> a contract existed. *See Barrett Kays & Associates, P.A. v. Colonial Bldg. Co. Inc. of Raleigh*, 129 N.C. App. 525, 529, 500 S.E.2d 108, 111 (1998) (citing *Whitfield v. Gilchrist*, 348 N.C. 39, 497 S.E.2d 412 (1998)) ("Because an express contract existed, *quantum meruit* was not appropriate.").

" 'To recover in *quantum meruit*, plaintiff must show (1) services were rendered to defendants; (2) the services were knowingly and voluntarily accepted; and (3) the services were not given gratuitously.' " *Scott v. United Carolina Bank*, 130 N.C. App. 426, 429, 503 S.E.2d 149, 152 (1998), *disc. review denied*, 350 N.C. 99, 528 S.E.2d

---

6. This case is remanded to the trial court in order for Defendant's counterclaims to be adjudicated and to enter summary judgment in favor of Defendant on Plaintiffs' *quantum meruit* claims.

584 (1999) (quoting *Environmental Landscape Design v. Shields*, 75 N.C. App. 304, 306, 330 S.E.2d 627, 628 (1985)). "*Quantum meruit* claims require a showing that both parties understood that services were rendered with the expectation of payment." *Id.* (citing *Bales v. Evans*, 94 N.C. App. 179, 379 S.E.2d 698 (1989)).

Our Supreme Court recently summarized applicable principles of *quantum meruit*:

> *Quantum meruit* is a measure of recovery for the reasonable value of services rendered in order to prevent unjust enrichment. *Potter v. Homestead Preservation Ass'n*, 330 N.C. 569, 578, 412 S.E.2d 1, 7 (1992); see also Dan B. Dobbs, Dobbs Law of Remedies § 4.2(3) (2d ed. 1993). It operates as an equitable remedy based upon a quasi contract or a contract implied in law. *Potter*, 330 N.C. at 578, 412 S.E.2d at 7. "A quasi contract or a contract implied in law is not a contract." *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988). An implied contract is not based on an actual agreement, and *quantum meruit* is not an appropriate remedy when there is an actual agreement between the parties. *Id.* Only in the absence of an express agreement of the parties will courts impose a quasi contract or a contract implied in law in order *to prevent an unjust enrichment. Id.*

*Whitfield*, 348 N.C. at 42, 497 S.E.2d at 414-15 (emphasis supplied).

Plaintiffs' complaint clearly stated that the term "plaintiff" in the complaint would refer interchangeably to both the corporate plaintiff and Ben Johnson individually. Ben Johnson stated a valid claim for *quantum meruit* in his complaint. Johnson alleged that he rendered services to defendant, that defendant knowingly and voluntarily accepted the services rendered, and that the services were not gratuitous. The trial court, having heard the evidence, determined that Johnson had forecast sufficient evidence of this claim to survive defendant's motion. I would affirm the trial court's denial of the defendant's motion for summary judgment in this regard. I cannot join the majority in holding that the denial was error because it was based on "an invalid contact." Accordingly, I respectfully dissent.