MARISSA A. OLSON, MICHAEL A. OLSON, AND MARLENE A. OLSON, PLAINTIFFS V.
REGINALD V. McMILLIAN AND WILLIE McMILLIAN, DEFENDANTS

No. COA00-1036

(Filed 3 July 2001)

## 1. Costs— attorney fees—offer of judgment—findings

The trial court did not abuse its discretion in a negligence action arising from an automobile accident by awarding attorney fees pursuant to N.C.G.S. § 6-21.1 where the court found that defendants made a settlement offer of $1,000 and that the jury verdict was for $1,930. Although the court did not make any findings regarding the timing of the settlement offer or the exercise of superior bargaining power, the date was shown by the undisputed evidence and the court made adequate findings on the whole record to support an award of attorney fees. Additionally, it was noted that there is nothing in N.C.G.S. § 6-21.1 that limits the trial court's consideration of unwarranted refusals to settle by individual defendants.

## 2. Appeal and Error— appealability—order not reduced to writing

An assignment of error to an oral order denying the return of a filing fee after arbitration was overruled where no written order was entered. A trial court order not reduced to writing cannot support an appeal.

Appeal by defendants from judgment filed 12 May 2000 by Judge A. Elizabeth Keever in Cumberland County District Court. Heard in the Court of Appeals 5 June 2001.

*Armstrong & Baggett, by Talmage S. "Tal" Baggett, Jr., for plaintiff-appellees.*

*Walker, Clark, Allen, Herrin & Morano, L.L.P., by Gay Parker Stanley, for defendant-appellants.*

**OLSON v. McMILLIAN**

[144 N.C. App. 615 (2001)]

GREENE, Judge.

Reginald V. McMillian (Reginald) and Willie McMillian (Willie) (collectively, Defendants) appeal from a judgment filed 12 May 2000 awarding attorney's fees to Marissa A. Olson (Marissa).

The record shows that on 15 October 1999, Marissa, Michael A. Olson, and Marlene A. Olson (collectively, Plaintiffs) filed a complaint against Defendants alleging claims for negligence. Plaintiffs' claims arose out of an 18 October 1996 automobile accident in which a vehicle driven by Marissa was allegedly struck by a vehicle driven by Reginald and owned by Willie. On 16 December 1999, Defendants filed an answer to Plaintiffs' complaint denying any alleged negligent conduct. Additionally, on 16 December 1999, Defendants filed an Offer of Judgment (settlement offer) in which they offered Plaintiffs $1,000.00 for settlement of their claims. The settlement offer stated "if this offer is not accepted within ten (10) days following service, it shall be deemed withdrawn." Plaintiffs did not accept the settlement offer.

On 29 December 1999, Plaintiffs' case was selected for court-ordered, nonbinding arbitration pursuant to N.C. Gen. Stat. § 7A-37.1. On 10 March 2000, subsequent to an arbitration hearing, an arbitration award and judgment was filed awarding Plaintiffs $4,000.00. On 15 March 2000, Defendants requested a trial *de novo* pursuant to Rule 5(a) of the Court-Ordered Arbitration Rules. A jury trial was therefore held on Plaintiffs' claims. Subsequent to trial, the jury found Marissa was injured by the negligence of Reginald and it awarded Marissa $1,930.00 for personal injuries.

After the jury verdict was returned, Defendants made an oral motion requesting that the filing fee for the trial *de novo* be returned to them pursuant to Rule 5(b) of the Court-Ordered Arbitration Rules (filing fee returned to demanding party if position of demanding party is improved subsequent to trial *de novo*). The trial court orally denied this motion; however, no written order was entered. Additionally, Marissa made a motion for an award of attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1. In a judgment filed 12 May 2000, the trial court made the following pertinent findings of fact:

I.

The jury, after hearing the evidence presented by the parties and having been duly impaneled, answered the issues as follows:

OLSON v. McMILLIAN

[144 N.C. App. 615 (2001)]

Issue 1—Was [Marissa] injured by the negligence of [Reginald]?

Answer: Yes

Issue 2—What amount, if any, is [Marissa] entitled to recover for personal injuries?

Answer: $1,930.00

. . . .

III.

That . . . Defendant[s] made [a settlement offer] in the amount of $1,000.00 in this case.

IV.

That this case was arbitrated according to the local rules of District Court within Cumberland County, North Carolina; that the arbitrator made an award of $4,000.00, which in the opinion of the [c]ourt, included attorney['s] fees; that . . . Defendant[s] appealed this award to a jury trial in District Court.

V.

That the [c]ourt makes a finding that virtually no settlement negotiations were made by . . . Defendants; that such inaction by . . . Defendants constitutes an unwarranted refusal by . . . Defendants to pay the claim which constitutes the basis of such suit.

Based on these findings, the trial court concluded Marissa "is entitled to an award of attorney['s] fees under [N.C. Gen. Stat. §] 6-21.1 and costs incurred in the trial of this matter in addition to the jury award of $1,930.00." The trial court, therefore, awarded Marissa $1,930.00 in compensatory damages, $2,100.00 in attorney's fees, and $378.10 in costs.

---

The issues are whether: (I) the trial court abused its discretion by awarding Marissa attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1; and (II) Defendants preserved for appellate review the issue of whether the trial court erred by denying their motion requesting the return of their filing fee.

OLSON v. McMILLIAN

[144 N.C. App. 615 (2001)]

I

**[1]** Defendants argue the trial court abused its discretion by awarding Marissa attorney's fees pursuant to section 6-21.1. We disagree.

Section 6-21.1 provides that a trial court, in its discretion, may award attorney's fees to the plaintiff in a personal injury or property damage suit "where the judgment for recovery of damages is ten thousand dollars ($10,000) or less." N.C.G.S. § 6-21.1 (1999). In determining whether to award attorney's fees under section 6-21.1, the trial court must consider the entire record, including the following pertinent factors:

> (1) whether any settlement offers were made prior to the institution of the action; (2) whether the defendant unjustly exercised superior bargaining power in the settlement negotiation process; (3) the timing of the settlement offers; [and] (4) the amount of the settlement offers as compared to the jury verdict.

*Culler v. Hardy*, 137 N.C. App. 155, 158, 526 S.E.2d 698, 701 (2000). While the trial court must make adequate findings of fact based on the whole record to support an award of attorney's fees, "detailed findings are not required for each factor." *See Tew v. West*, 143 N.C. App. 534, 537, 546 S.E.2d 183, 185 (2001). Additionally, a trial court's ruling on a motion for attorney's fees under section 6-21.1 "will not be disturbed on appeal absent a showing of abuse of discretion." *Culler*, 137 N.C. App. at 157, 526 S.E.2d at 700.

In this case, the trial court found as to the first factor that Defendants made a settlement offer of $1,000.00. Although the trial court did not make any findings regarding the timing of the settlement offer under the third factor, the undisputed evidence shows the settlement offer was made on or about 16 December 1999.[1] Additionally, as to the fourth factor, the trial court made findings that the settlement offer was in the amount of $1,000.00 and the jury verdict was in the amount of $1,930.00. Thus, the findings show the jury verdict was for an amount nearly twice the settlement amount offered by Defendants. Based on these findings of fact, the trial court did not abuse its discretion by awarding Marissa attorney's fees under section 6-21.1. Although the trial court did not make any findings

---

1. Defendants argue in their brief to this Court that "[D]efendants' liability carrier offered the amount of $1,000.00 in settlement of . . . [P]laintiffs' claim over two years prior to the filing of suit." The record, however, does not contain any evidence regarding the existence of this settlement offer.

OLSON v. McMILLIAN

[144 N.C. App. 615 (2001)]

regarding whether Defendants exercised "superior bargaining power" over Marissa pursuant to the second factor, the absence of such a finding does not require reversal when the trial court made adequate findings on the whole record to support an award of attorney's fees. *See Tew,* —— N.C. App. at ——, 546 S.E.2d at 185 (trial court did not abuse its discretion by awarding attorney's fees pursuant to section 6-21.1 when trial court made findings as to the settlement offers and jury verdict but failed to make findings regarding any superior bargaining power of the defendant). Accordingly, the trial court's 12 May 2000 judgment is affirmed.[2]

II

[2] Defendants argue the trial court erred by denying their oral motion requesting that the filing fee for a trial *de novo* be returned to them pursuant to Rule 5(b) of the Court-Ordered Arbitration Rules.

"When [a trial court's] oral order is not reduced to writing, it is non-existent and thus cannot support an appeal." *Southern Furn. Hdwe., Inc. v. Branch Banking & Tr. Co.,* 136 N.C. App. 695, 702, 526 S.E.2d 197, 201 (2000) (citation omitted).

In this case, the trial court orally denied Defendants' motion requesting the return of their filing fee. The trial court's 12 May 2000 order, however, does not contain a ruling on Defendants' oral motion. Accordingly, this assignment of error is overruled.

Affirmed.

Judges TIMMONS-GOODSON and BRYANT concur.

---

2. Defendants argue in their brief to this Court that the trial court "erred in finding that the [a]rbitration [a]ward included attorney['s] fees, and that it did not exceed the [j]udgment finally obtained." In this case, however, the trial court's findings of fact make no comparison of the arbitration award to "the [j]udgment finally obtained." Additionally, the record shows the trial court based its award of attorney's fees, in its discretion, on Defendants' settlement offer, the lack of settlement negotiations, and the jury verdict. Whether the arbitration award included attorney's fees, therefore, is not relevant to the trial court's judgment awarding attorney's fees to Marissa. Accordingly, this assignment of error is overruled.

Defendants also argue in their brief to this Court that any "unwarranted refusal" by Defendants to settle Plaintiffs' claims is not relevant because Defendants are not an insurance company; therefore, the trial court erred by considering any "unwarranted refusal." We disagree. While a trial court must consider any "unwarranted refusal by the defendant insurance company" under section 6-21.1, there is nothing in section 6-21.1 that limits the trial court's consideration of "unwarranted refusal[s]" by individual defendants. N.C.G.S. § 6-21.1.