EDDIE C. DAVIS, Plaintiff-Appellee v. CARRIE BROOKS KELLY, Defendant-Appellant

No. COA00-1360

(Filed 6 November 2001)

**1. Appeal and Error— notice of appeal—filing in county— timeliness**

A motion to dismiss an appeal was denied where judgment was entered on 24 August and served on defendant on 1 September; defendant served notice of appeal upon plaintiff on 20 September 2000 but the notice of appeal was filed in the Court of Appeals rather than with the Clerk of Superior Court; a proper notice of appeal was filed with the Clerk of Superior Court on 10 October; and the certificate of service required by N.C.G.S. § 1A-1, Rule 5(d) was not filed until 26 October 2000. The running of the time for filing and serving a notice of appeal was tolled until plaintiff's compliance with the filing requirement of Rule 3(a) of the Rules of Appellate Procedure and defendant's notice of appeal was timely.

DAVIS v. KELLY

[147 N.C. App. 102 (2001)]

**2. Costs— attorney fees—action against individual—no findings of unwarranted refusal to pay claim**

The trial court did not err when awarding attorney's fees under N.C.G.S. § 6-21.1 by not making a finding of unwarranted refusal to pay plaintiff's claim where the case involved a personal injury suit by plaintiff against an individual defendant rather than a case by an insured or beneficiary directly against an insurance company.

**3. Costs— attorney fees—factors considered**

The trial court gave proper consideration to the factors established by *Washington v. Horton*, 132 N.C. App. 347, when awarding attorney fees under N.C.G.S. § 6-21.1 where the court considered the settlement offer made prior to the institution of the action; the final judgment was greater than defendant's offer when attorney's fees for work done before and after the offer are included; the absence of a finding concerning the unjust exercise of superior bargaining power does not require reversal when the court makes adequate findings on the whole record; findings of unwarranted refusal to pay a claim by an insurance company were not necessary because this was not an action against an insurance company; the timing of settlement offers was considered; it is clear that the court considered the amount of the settlement offer as compared to the jury verdict; and it is apparent that the court evaluated the whole record. Moreover, the trial court made findings as to the reasonableness of the fee, and the trial court has the authority to award attorney's fees for an appeal.

Appeal by defendant from judgment entered 24 August 2000 by Judge Regan A. Miller in Mecklenburg County District Court. Heard in the Court of Appeals 18 September 2001.

*Downer, Walters & Mitchener, P.A., by Stephen W. Kearney and Joseph H. Downer, for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Allen C. Smith and Dana M. Mango, for defendant-appellant.*

MARTIN, Judge.

Plaintiff was allegedly injured when he was involved in an automobile collision with defendant on 29 June 1996. Defendant offered

to settle plaintiff's claim for $500. Plaintiff rejected this offer and made a counteroffer of $1,400. No settlement was reached and plaintiff filed this action on 7 May 1999 seeking damages for his alleged injuries. Defendant filed an answer, denying that she was negligent and asserting contributory negligence as an affirmative defense. On 22 June 1999, defendant filed an offer of judgment in the amount of $500 pursuant to G.S. § 1A-1, Rule 68. Plaintiff rejected the offer.

The case was submitted to court-ordered arbitration, and plaintiff was awarded $2,350.80 by the arbitrator. Defendant requested a trial *de novo*. The case was tried in Mecklenburg County District Court before a jury on 8 May 2000, resulting in a verdict for plaintiff in the amount of $204.10. Plaintiff then moved for attorney's fees and costs pursuant to G.S. § 6-21.1 and filed two supporting affidavits regarding the total number of hours plaintiff's attorney had spent in preparation for trial and the reasonable hourly rate of compensation for the legal services rendered. The first affidavit claimed a total of $1,125 for the 11.25 hours expended before defendant's offer of judgment on 22 June 1999 and the second affidavit claimed a total of $2,775 for the 27.75 hours expended before and after defendant's offer of judgment, both based upon a suggested rate of $100 per hour. After a hearing, the trial court awarded attorney's fees to plaintiff's counsel in the amount of $2,775, which included the hours expended before and after the offer of judgment. Defendant appeals.

[1] As a threshold matter, we must first consider plaintiff's motion to dismiss the appeal. Plaintiff contends this Court should dismiss defendant's appeal pursuant to N.C.R. App. P. 25 for defendant's failure to properly and timely file notice of appeal. N.C.R. App. P. 3(c) provides that an appeal from judgment in a civil action ". . . must be taken within 30 days after its entry." However, under Rule 3(c), "[t]he running of the time for filing and serving a notice of appeal in a civil action . . . is tolled as to all parties for the duration of any period of noncompliance with the service requirement of Rule 58 of the [North Carolina] Rules of Civil Procedure . . . ." G.S. § 1A-1, Rule 58 requires "[t]he party designated by the judge or, if the judge does not otherwise designate, the party who prepares the judgment, shall serve a copy of the judgment upon all other parties within three days after the judgment is entered. Service and proof of service shall be in accordance with Rule 5." G.S. § 1A-1, Rule 5(d) provides:

> [w]ith respect to all pleadings and other papers as to which service and return has not been made in the manner provided in Rule 4, proof of service shall be made by filing with the court a certifi-

cate either by the attorney or the party that the paper was served in the manner prescribed by this rule, or a certificate of acceptance of service by the attorney or the party to be served. Such certificate shall show the date and method of service or the date of acceptance of service.

In the present case, judgment was entered 24 August 2000 and was served on defendant 1 September 2000 as evidenced by a copy of a letter from plaintiff to defendant. Plaintiff did not, however, file a certificate of service as required by Rule 5(d) until 26 October 2000. On 20 September 2000, defendant served a notice of appeal upon plaintiff. The notice of appeal was filed, however, with this Court, rather than in the office of the Clerk of Superior Court of Mecklenburg County as required by N.C.R. App. P. 3(a). Defendant subsequently filed a proper notice of appeal with the Clerk of Superior Court of Mecklenburg County on 10 October 2000. Plaintiff argues that defendant filed the notice of appeal more than 30 days after the judgment was entered and that her appeal should therefore be dismissed. We note that plaintiff did not fully comply with the service requirements of Rule 58 of the Rules of Civil Procedure until 26 October 2000 since that is the date he filed a certificate of service with the court. The running of the time for filing and serving a notice of appeal was tolled pursuant to N.C.R. App. P. 3 until plaintiff's compliance, and defendant's notice of appeal is, therefore, timely. Plaintiff's motion to dismiss the appeal is denied.

The sole issue raised by this appeal is whether the trial court abused its discretion in awarding attorney's fees to plaintiff. The general rule in North Carolina is that in the absence of contractual obligation or statutory authority, a successful litigant may not recover attorney's fees as damages or a part of the court costs. *Hicks v. Albertson*, 284 N.C. 236, 200 S.E.2d 40 (1973). However, G.S. § 6-21.1 provides an exception to the general rule and allows an award of attorney's fees as part of the court costs in certain cases. The statute provides:

> In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in

his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

N.C. Gen. Stat. § 6-21.1 (2001). The purpose of the statute was stated by the North Carolina Supreme Court in *Hicks*:

> The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that it is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations . . . . This statute, being remedial should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope.

*Hicks*, 284 N.C. at 239, 200 S.E.2d at 42. The decision to allow attorney's fees is in the discretion of the presiding judge, and is reversible by an appellate court only for abuse of discretion. *McDaniel v. N.C. Mutual Life Ins. Co.*, 70 N.C. App. 480, 319 S.E.2d 676, *disc. review denied*, 312 N.C. 84, 321 S.E.2d 897 (1984). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Blackmon v. Bumgardner*, 135 N.C. App. 125, 130, 519 S.E.2d 335, 338 (1999) (citations omitted).

[2] Defendant first contends that there was no evidence of an unwarranted refusal to pay plaintiff's claim by defendant and therefore the trial judge abused his discretion in awarding attorney's fees. However, our appellate courts have consistently held that a finding of unwarranted refusal to pay a claim is required only in suits brought by an insured or a beneficiary against an insurance company defendant. *Washington v. Horton*, 132 N.C. App. 347, 513 S.E.2d 331 (1999); *Yates Motor Co. v. Simmons*, 51 N.C. App. 339, 276 S.E.2d 496, *disc. review denied*, 303 N.C. 320, 281 S.E.2d 660 (1981); *Rogers v. Rogers*, 2 N.C. App. 668, 163 S.E.2d 645 (1968). Since the present case involves a personal injury suit by plaintiff against an individual defendant, rather than one by an insured or beneficiary directly against an insurance company, no finding of unwarranted refusal is required. Therefore, the trial court did not err in failing to make a finding of unwarranted refusal to pay plaintiff's claim.

**[3]** Defendant next argues that the trial court erred in failing to consider the entire record and the factors set forth in *Washington*, before awarding plaintiff attorney's fees. A trial court's discretion in awarding attorney's fees pursuant to G.S. § 6-21.1 is not unbridled. *Washington*, 132 N.C. App. at 351, 513 S.E.2d at 334. In *Washington*, this Court stated

> [T]he trial court is to consider the entire record in properly exercising its discretion, including but not limited to the following factors: (1) settlement offers made prior to the institution of the action . . .; (2) offers of judgment pursuant to Rule 68, and whether the "judgment finally obtained" was more favorable than such offers; (3) whether defendant unjustly exercised "superior bargaining power"; (4) in the case of an unwarranted refusal by an insurance company, the "context in which the dispute arose."; (5) the timing of settlement offers; (6) the amounts of the settlement offers as compared to the jury verdict; and the whole record.

*Id.* at 351, 513 S.E.2d at 334-35 (citations omitted).

For the following reasons, we hold the trial court gave proper consideration to the factors established by *Washington*. As to the first *Washington* factor, it is evident that the trial court considered the settlement offer made prior to the institution of the action. The court noted in its first finding of fact that prior to the filing of the action, defendant made a settlement offer to plaintiff in the amount of $500 but that plaintiff rejected this offer and made a counteroffer of $1,400.

The second *Washington* factor was considered as well. The trial court found "[o]n June 22, 1999, defendant filed an offer of judgment pursuant to Rule 68 of the North Carolina Rules of Civil Procedure in the amount of $500.00 Plaintiff did not accept this offer and sought to resolve the case for $1,400.00 . . . ." The trial court went on to conclude that when the reasonable fees incurred or sought by plaintiff's counsel at the time of the offer of judgment were added to the jury verdict of $204.10, the judgment finally obtained would exceed the offer of judgment. Defendant argues that her offer of judgment was more than twice the amount of the jury verdict and therefore, the trial court's award of attorney's fees was an abuse of discretion. However, our Supreme Court has concluded that "within the confines of Rule 68, 'judgment finally obtained' means the amount ultimately entered as representing the final judgment, i.e., the jury's verdict as modified

by any applicable adjustments, by the respective court in the particular controversy, not simply the amount of the jury's verdict." *Poole v. Miller*, 342 N.C. 349, 353, 464 S.E.2d 409, 411 (1995), *reh'g denied*, 342 N.C. 666, 467 S.E.2d 722 (1996). Additionally, the Supreme Court has recently held that post Rule 68 offer costs should be included in calculating the final judgment obtained. *Roberts v. Swain*, 353 N.C. 246, 538 S.E.2d 566 (2000). Thus, the attorney's fees for work done both before and after defendant's offer of judgment should be added to the jury verdict in order to determine the final judgment ($2,775.00 + $204.10 = $2,979.10). Since the final judgment ($2,979.10) is greater than defendant's offer of judgment ($500), the trial court did not abuse its discretion based on the second *Washington* factor.

As to the third factor, the court made no findings with respect to whether defendant unjustly exercised "superior bargaining power." However, ". . . the absence of such a finding does not require reversal when the trial court made adequate findings on the whole record to support an award of attorney's fees." *Olson v. McMillian*, 144 N.C. App. 615, 619, 548 S.E.2d 571, 573-74 (2001). As to factor four, findings of fact are not necessary since this suit was not brought by an insured or a beneficiary against an insurance company defendant. *Washington*, 132 N.C. App. at 350, 513 S.E.2d at 334. As to factor five, the trial court made findings of fact indicating that the timing of settlement offers was considered in awarding plaintiff attorney's fees. The trial court noted that prior to the filing of the action, defendant made a settlement offer to plaintiff in the amount of $500 and that on 22 June 1999 defendant filed an offer of judgment in the amount of $500. As to factor six, it is clear from the court's findings of fact that it considered the amount of the settlement offer as compared to the jury verdict since the court cited the settlement offer and jury verdict within the findings. Finally, it is apparent that the trial court evaluated the whole record, in view of the hearing on the motion and its consideration of the affidavits submitted and the arguments of counsel.

An award of attorney's fees must be reasonable. "If the court elects to award attorney's fees, it must also enter findings to support the amount awarded." *Porterfield v. Goldkuhle*, 137 N.C. App. 376, 378, 528 S.E.2d 71, 73 (2000). In order for the appellate court to determine that the award of counsel fees is reasonable, ". . . the record must contain findings of fact as to the time and labor expended, the skill required, the customary fee for like work, and

the experience or ability of the attorney." *United Laboratories, Inc. v. Kuykendall*, 102 N.C. App. 484, 494, 403 S.E.2d 104, 111 (1991), *affirmed*, 335 N.C. 183, 437 S.E.2d 374 (1993). In the present case, the trial court made the following findings of fact with respect to reasonableness:

> Prior to the date of the offer of judgment, Plaintiff's attorneys had expended at least 11.25 hours prosecuting this action and were seeking to recover a fee of at least $350.00. By the end of the trial of this case, a total of 27.75 hours of attorney time had been expended by Plaintiff's counsel pursuing his claim. Given the experience and qualifications of Plaintiff's counsel and the fees charged by attorneys in Mecklenburg County of comparable skill and experience, a rate of $100.00 per hour is a reasonable fee applicable to the services of Plaintiff's counsel.

We hold these findings sufficient to support the award.

Plaintiff has also moved, in this Court, for attorney's fees pending appeal, for work performed during the appellate process. This Court has held that the trial court has the authority under G.S. § 6-21.1 to award additional attorney's fees for an appeal. *Hill v. Jones*, 26 N.C. App. 168, 215 S.E.2d 168, *cert. denied*, 288 N.C. 240, 217 S.E.2d 664 (1975). Therefore, we remand this case for the limited purpose of allowing the District Court, in its discretion, and upon plaintiff's motion, to make findings of fact relevant to a determination of reasonable attorney's fees for services rendered on appeal and to enter an award consistent with those findings.

Affirmed and remanded.

Judges WALKER and TYSON concur.