HARDESTY v. ALDRIDGE

[147 N.C. App. 776 (2001)]

TANESHA HARDESTY v. OSCAR ALDRIDGE

No. COA01-153

(Filed 18 December 2001)

**Costs— attorney fees—personal injury—judgment finally obtained greater than offer of judgment**

> The trial court did not abuse its discretion in a personal injury action by awarding attorney fees of $2,625.00 under N.C.G.S. § 6-21.1 to plaintiff even though defendant made a settlement offer of $1,997.50 and plaintiff only received a jury verdict of $350.00, because: (1) there is no allegation that the hours claimed or the amount per hour used in the calculation was unreasonable; and (2) the judgment finally obtained was more favorable to plaintiff than defendant's offer of judgment since the final amount is not merely the jury's verdict, but includes the award of attorney fees making the total $2,975.00.

Appeal by defendant from judgment entered 25 September 2000 by Judge Cheryl Spencer in Craven County District Court. Heard in the Court of Appeals 28 November 2001.

*Chesnutt, Clemmons, Thomas & Peacock, by Gary H. Clemmons, for plaintiff-appellee.*

*Walker, Clark, Allen, Herrin & Morano, by Jeffrey T. Ammons and Gay P. Stanley, for defendant-appellant.*

THOMAS, Judge.

Defendant, Oscar Aldridge, appeals from a judgment awarding attorney fees to plaintiff, Tanesha Hardesty, in a personal injury action resulting from an automobile accident. For the reasons discussed herein, we affirm the trial court and remand the issue of attorney fees pending appeal.

The facts are as follows: On 28 January 1997, a vehicle owned and operated by defendant struck the vehicle plaintiff was operating. Plaintiff sustained injuries and was first treated at the Craven Regional Medical Center emergency room and then at a chiropractic center.

Subsequently, defendant's insurance carrier, Allstate Insurance Company (Allstate), engaged in negotiations with plaintiff's counsel.

**HARDESTY v. ALDRIDGE**

[147 N.C. App. 776 (2001)]

Allstate offered to settle for a total of $1,997.50, which equaled the amount of medical bills, but the offer was refused and suit was filed on 28 October 1997.

There was no answer to the complaint and plaintiff obtained a default judgment of $5,000 plus $2,134 for costs, interest, and attorney fees against defendant. Allstate, however, filed a motion to vacate the judgment because plaintiff had never forwarded a copy of the complaint to the company. Plaintiff signed a consent order to both vacate the entry of default and set aside the judgment. Defendant then filed an answer, which included a Rule 68 offer of judgment for $1,997.50.

In May 2000, a jury returned a verdict for plaintiff in the amount of $350. On 25 September 2000, the trial court granted plaintiff's motion for attorney fees and awarded $2,625.00. Defendant appeals the order.

By defendant's sole assignment of error, he argues the trial court abused its discretion in granting plaintiff's motion for attorney fees pursuant to N.C. Gen. Stat. § 6-21.1. We disagree.

The North Carolina General Statutes provide:

In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

N.C. Gen. Stat. § 6-21.1 (1999). Under this statute, the trial court is given the discretion to award attorney fees to the prevailing party. *See Porterfield v. Goldkuhle*, 137 N.C. App. 376, 528 S.E.2d 71 (2000). The trial court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. *West v. Tilley*, 120 N.C. App. 145, 461 S.E.2d 1 (1995). An abuse of discretion occurs when the trial court's ruling "is so arbitrary that it could not have been the result of a reasoned decision." *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App.

101, 109, 493 S.E.2d 797, 802 (1997), *disc. review denied*, 347 N.C. 670, 500 S.E.2d 84 (1998) (citations omitted).

When determining whether to award attorney fees, the trial court must consider the entire record, including the following factors: (1) settlement offers made prior to institution of the action; (2) offers of judgment made pursuant to Rule 68 and whether the judgment finally obtained was more favorable than such offers; (3) whether defendant unjustly exercised superior bargaining power; (4) in a case of unwarranted refusal by an insurance company to pay the claim, the context in which the dispute arose; (5) the timing of settlement offers; and (6) the amounts of settlement offers as compared to the jury verdict. *Washington v. Horton,* 132 N.C. App. 347, 351-52, 513 S.E.2d 331, 334-35 (1999).

The trial court made findings as to those factors as follows: (1) Allstate engaged in settlement negotiations with plaintiff before the institution of suit and offered $1,997.50. Plaintiff, in turn, rejected it. (2) After suit had been filed, defendant served an offer of judgment for the same amount. It was also rejected by plaintiff. Plaintiff had incurred costs of $67, her counsel had expended a total of 17.50 hours, $150 per hour was reasonable as attorney fees, and plaintiff was in sum entitled to $2,625 in attorney fees. Attorney fees plus the jury verdict of $350 totals $2,975, which is the judgment finally obtained. The judgment finally obtained is more favorable to plaintiff than the offer of $1,997.50. (3) The trial court's findings of fact did not mention whether defendant may have unjustly exercised superior bargaining power. However, " 'the absence of such a finding does not require reversal when the trial court made adequate findings on the whole record to support an award of attorney's fees.' " *Davis v. Kelly,* 147 N.C. App. 102, 554 S.E.2d 402 (2001) (quoting *Olson v. McMillan,* 144 N.C. App. 615, 619, 548 S.E.2d 571, 573-74 (2001). (4) There was no unwarranted refusal by Allstate to pay the claim. This finding is not necessary since the suit was not on an insurance policy. *See Crisp v. Cobb,* 75 N.C. App. 652, 331 S.E.2d 255 (1985). (5) One of the settlement offers was made before suit, and one after, both in the amount of $1,997.50. (6) The jury verdict was $350.

Detailed findings are not required for each factor. *Tew v. West,* 143 N.C. App. 534, 546 S.E.2d 183 (2001). These excerpts are adequate findings of fact based on the whole record. Additionally, we note an award of attorney fees must be reasonable. The trial court found here that the award was reasonable and, further, there is no allegation

## HARDESTY v. ALDRIDGE

[147 N.C. App. 776 (2001)]

that the hours claimed or the amount per hour used in the calculation was unreasonable.

Lastly, defendant argues the judgment finally obtained was not more favorable to plaintiff than defendant's offer of judgment. We disagree. In *Tew*, where the offer amount was $5,000, the jury's verdict was $5,000, and the trial court had awarded the plaintiff $555 in costs and $3,937.50 in attorney fees, this Court held that the judgment finally obtained "is not merely the jury's verdict" but the final amount awarded to the plaintiff, $9,492.50. *Id.* Our Supreme Court has defined "judgment" as " '[t]he final decision of the *court* resolving the dispute and determining the rights and obligations of the parties,' and '[t]he law's last word in a judicial controversy.' " *Poole v. Miller*, 342 N.C. 349, 352, 464 S.E.2d 409, 411 (1995), *reh'g denied*, 342 N.C. 666, 467 S.E.2d 722 (1996) (quoting Black's Law Dictionary 841-42 (6th ed. 1990)). Because the order contains the $350 jury verdict and attorney fees of $2,625, we hold the trial court did not abuse its discretion in awarding attorney fees to plaintiff.

Furthermore, plaintiff has moved, in this Court, for attorney's fees for work performed during the appellate process. This Court has held that the trial court has authority, pursuant to section 6-21.1 to award such fees. *See Hill v. Jones*, 26 N.C. App. 168, 215 S.E.2d 168, *cert. denied*, 288 N.C. 240, 217 S.E.2d 664 (1975). Accordingly, we remand this case for the limited purpose of allowing the trial court, in its discretion and upon plaintiff's motion, to make findings of fact relevant to a determination of reasonable attorney's fees for services rendered on appeal and to enter an award consistent with those findings. *See Davis v. Kelly*, 147 N.C. App. 102, 554 S.E.2d 402 (2001).

AFFIRMED AND REMANDED.

Judges WYNN and WALKER concur.