ALISHA L. MESSINA, PLAINTIFF v. JAYNE M. BELL, DEFENDANT

No. COA02-1028

(Filed 20 May 2003)

**1. Costs— attorney fees—factors**

The trial court did not abuse its discretion by awarding attorney fees in an automobile accident case in which there had been settlement offers where the court considered the whole record and applied the factors from *Washington v. Horton*, 132 N.C. App. 347.

**2. Discovery— failure to produce medical records—sanctions denied**

The trial court did not abuse its discretion in an automobile accident case by denying defendant's motion for sanctions against plaintiff for not producing medical records from an unrelated automobile accident in response to a request for the production of documents under N.C.G.S. § 1A-1, Rule 37. The documents were ultimately produced and defendant was given the opportunity to cross-examine plaintiff, who explained that she had not been seriously hurt in the other accident, had not sought treatment beyond the emergency room visit, and had forgotten about it.

**3. Costs— attorney fees—for appeal**

A motion for attorney fees during appeal was remanded for appropriate findings of fact and an award consistent with those findings.

Appeal by defendant from amended judgment filed 28 March 2002 by Judge Benjamin G. Alford in Craven County Superior Court. Heard in the Court of Appeals 16 April 2003.

*Chesnutt, Clemmons, Thomas & Peacock, P.A., by Gary H. Clemmons, for plaintiff appellee.*

*Wallace, Morris & Barwick, P.A., by Edwin M. Braswell, Jr., for defendant appellant.*

BRYANT, Judge.

Jayne M. Bell (defendant) appeals from an amended judgment filed 28 March 2002 awarding damages, court costs, and attorney's fees as costs to Alisha L. Messina (plaintiff).[1]

Plaintiff filed suit against defendant on 11 August 2000 alleging personal injury damages arising from an automobile accident caused by defendant's negligence. During discovery, defendant submitted a request for production of documents to plaintiff for any medical reports and other documents from any medical practitioner who had ever treated plaintiff in connection with any back or neck surgery or difficulties. Plaintiff responded that there were none. At trial, it was revealed by a doctor who had treated plaintiff, that there were medical records of an emergency room visit from a separate, unrelated automobile accident during which plaintiff had complained of neck pain. Plaintiff testified she had forgotten the emergency room visit, and the records were thereafter provided to defendant. Defendant moved for sanctions against plaintiff, including dismissal or, in the alternative, a directed verdict for nominal damages and denial of any motion to award attorney's fees to plaintiff. The trial court denied the motion for the sanctions of dismissal, or in the alternative, directed verdict, but left open the possibility of denying attorney's fees to plaintiff. Defendant was given the opportunity to cross-examine plaintiff about the records and her failure to disclose them, and was also granted last argument.

Following the trial, the jury awarded plaintiff damages in the amount of $2,000.00. After the verdict, plaintiff moved for an award of attorney's fees under section 6-21.1 of the North Carolina General

---

1. A consent order entered by the parties states this case should be captioned with plaintiff's name as Alisha L. Messina. Both the jury verdict and amended judgment, however, list plaintiff as Alisha M. Messina. As noted *infra*, we remand for, *inter alia*, technical correction of the amended judgment to change plaintiff's name.

MESSINA v. BELL

[158 N.C. App. 111 (2003)]

Statutes. Plaintiff subsequently submitted an affidavit in support of this motion alleging that prior to filing suit, plaintiff, through counsel, sent a demand letter dated 14 March 2000 to defendant's insurance company demanding damages in the amount of $66,337.33. This figure included $2,459.18 in medical expenses, $5,000.00 for past pain and suffering, and $58,878.15 as the present value of future pain and suffering. On 1 June 2000, defendant's insurance company offered $5,500.00 to settle the case. After suit was filed, the case was sent to arbitration and plaintiff was awarded $12,829.95, including damages, interest, and attorney's fees. Defendant appealed from the arbitration award, and the case was scheduled for mediation. At the 7 June 2001 mediation, plaintiff's first offer to settle was $20,000.00 and her last offer to settle was $13,000.00. Defendant's one and only offer at mediation was $8,500.00. After mediation, defendant filed an offer of judgment in the amount of $5,501.00. Defendant made no other offers between 7 June 2001 and 11 February 2002. During trial, beginning 11 February 2002, defendant made one last offer to settle for $5,000.00.

In its amended judgment the trial court made forty-one separate findings of fact. These findings, in large part, mirrored the affidavit of plaintiff's counsel. The trial court granted plaintiff's motion and awarded a total amount of $13,475.22. This award included the jury verdict of $2,000.00 as damages, $9,172.50 in reasonable attorney's fees as costs, and $2,302.72 in incurred expenses as court costs. The trial court also denied defendant's motion for sanctions.

---

The issues are whether the trial court abused its discretion in (I) awarding attorney's fees to plaintiff and (II) denying defendant's motion for sanctions.

I

[1] Defendant argues that based upon the jury verdict and prior offers to settle, the trial court erred in granting plaintiff's motion for attorney's fees because the trial court's findings were not supported by the evidence and that, moreover, those findings do not support the trial court's conclusion of law.[2] We disagree.

---

2. Defendant also argues in her brief to this Court that the award of attorney's fees deprives her of both state and federal constitutional rights. We decline to address these arguments as defendant did not raise the constitutional issues in the trial court below. *See Ben Johnson Homes, Inc. v. Watkins,* 142 N.C. App. 162, 166-67, 541 S.E.2d 769, 771, *aff'd,* 354 N.C. 563, 555 S.E.2d 608 (2001) (per curiam).

In actions for personal injury where the judgment for recovery of damages is $10,000.00 or less, the trial court may, in its discretion, "allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages . . . [,] said attorney's fee to be taxed as a part of the court costs." N.C.G.S. § 6-21.1 (2001). Accordingly, a trial court's decision to award attorney's fees under this section will be reversed on appeal only upon a showing that the trial court abused its discretion. *Whitfield v. Nationwide Mut. Ins. Co.*, 86 N.C. App. 466, 469, 358 S.E.2d 92, 94 (1987). "An abuse of discretion occurs when the trial court's ruling 'is so arbitrary that it could not have been the result of a reasoned decision.' " *Sowell v. Clark*, 151 N.C. App. 723, 727, 567 S.E.2d 200, 202 (2002) (quoting *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997)). The trial court's discretion in awarding attorney's fees under section 6-21.1 is, however, not unbridled. *Washington v. Horton*, 132 N.C. App. 347, 351, 513 S.E.2d 331, 334 (1999). The trial court must consider the whole record and make the requisite findings, including but not limited to the following factors:

> (1) settlement offers made prior to the institution of the action . . . ; (2) offers of judgment pursuant to Rule 68, and whether the "judgment finally obtained" was more favorable than such offers; (3) whether defendant unjustly exercised "superior bargaining power"; (4) in the case of an unwarranted refusal by an insurance company, the "context in which the dispute arose[]"; (5) the timing of settlement offers; (6) the amounts of the settlement offers as compared to the jury verdict; and the whole record.

*Id.* at 351, 513 S.E.2d at 334-35 (citations omitted).

In this case, the trial court's detailed findings, in summary, included: (1) all the offers of settlement made by both parties prior to and after suit was filed; (2) defendant's offer of judgment of $5,501.00, which was less than the "judgment finally obtained" in the amount of $13,475.22, *see Hardesty v. Aldridge*, 147 N.C. App. 776, 778, 557 S.E.2d 136, 137 (2001); (3) no findings regarding unjust exercise of superior bargaining power, although "the absence of such a finding does not require reversal when the trial court made adequate findings on the whole record to support an award of attorney's fees[,]" *Davis v. Kelly*, 147 N.C. App. 102, 108, 554 S.E.2d 402, 406 (2001) (citation omitted) (internal quotations omitted); (4) no findings regarding an

unwarranted refusal to pay an insurance policy, however, such a finding is not necessary in a suit involving an automobile accident and which is not a suit directly against an insurance policy, *see Crisp v. Cobb*, 75 N.C. App. 652, 653, 331 S.E.2d 255, 256 (1985); (5) the dates of all offers to settle by either party prior to suit, in arbitration and mediation, in offers of judgment, and during trial; and (6) the jury verdict was $2,000.00, the judgment finally obtained would be $13,475.22, and defendant offered to settle the case for $5,500.00, $5,501.00, and $8,500.00.

These findings of fact are supported by both the record and the affidavit of plaintiff's counsel. From the findings, it is clear that the trial court exercised its discretion by considering the whole record and in applying the *Washington* factors. Thus, the findings are sufficient to support the trial court's conclusion that plaintiff should be awarded attorney's fees, and therefore, the trial court did not abuse its discretion in granting plaintiff's motion.

II

**[2]** Defendant also contends the trial court erred in denying her motion for sanctions under Rule 37 of the North Carolina Rules of Civil Procedure for plaintiff's failure to properly respond to the request for production of documents. Rule 37(d) permits a trial court to impose sanctions for failure to serve written responses to a request for inspection under Rule 34 of the rules of civil procedure. *See Chateau Merisier, Inc. v. Le Mueble Artisanal GEKA, S.A.*, 142 N.C. App. 684, 687, 544 S.E.2d 815, 817 (2001); N.C.G.S. § 1A-1, Rule 37(d) (2001); *see also* N.C.G.S. § 1A-1, Rule 34 (2001) (production of documents). "Not every abuse of discovery merits imposition of punitive sanctions. It is well settled that Rule 37 allowing the trial court to impose sanctions is flexible, and a broad discretion must be given to the trial judge with regard to sanctions." *Rose v. Isenhour Brick and Tile Co.*, 120 N.C. App. 235, 240, 461 S.E.2d 782, 786 (1995) (citations omitted) (internal quotations omitted), *aff'd*, 344 N.C. 153, 472 S.E.2d 774 (1996). The trial court's discretion is accorded great deference and may be overturned only upon a showing that the ruling "was so arbitrary that it could not have been the result of a reasoned decision." *Id.* at 241, 461 S.E.2d at 786 (citation omitted) (internal quotations omitted).

In this case, the record shows once it was revealed that plaintiff's answer to the request for production was erroneous, plaintiff's counsel obtained and delivered the documents to defendant and defendant

was given the opportunity to cross-examine plaintiff about the documents. During this cross-examination, plaintiff admitted her response to the request for production had been untruthful. She explained, however, that when she was asked to produce documents related to other back or neck difficulties, she had forgotten the visit to an emergency room following the separate, unrelated automobile accident. She apparently had not been hurt seriously in that accident and did not seek any other medical treatment as a result of that accident. From this record, we conclude the trial court was within its discretion in denying defendant's motion for sanctions. *See id.* (even though trial court would have been justified in imposing sanctions for abuse of discovery, the trial court did not abuse its discretion by not imposing sanctions). Thus, we conclude the trial court did not err in denying defendant's motion for sanctions.

[3] We note that plaintiff has filed a separate motion in this Court, pursuant to Rule 37(a) of the North Carolina Rules of Appellate Procedure, for attorney's fees during appeal under N.C. Gen. Stat. § 6-21.1. Plaintiff requests that this Court enter an order remanding this case to the trial court for an additional hearing and findings on the motion for attorney's fees during appeal. A trial court, in its discretion and upon appropriate findings of fact, may award reasonable attorney's fees for service performed during an appeal, and we therefore remand this case to the trial court to make the appropriate findings of fact and enter an award consistent with those findings. *See Hardesty*, 147 N.C. App. at 779, 557 S.E.2d at 138; *see also Davis*, 147 N.C. App. at 109, 554 S.E.2d at 407 (remand for findings of fact on plaintiff's motion for attorney's fees on appeal); *Hill v. Jones*, 26 N.C. App. 168, 171, 215 S.E.2d 168, 170 (1975) (trial court has discretion to award attorney's fees for appellate services on remand under N.C. Gen. Stat. § 6-21.1).

We also note that at the institution of this action, the named plaintiff in the case was Alisha L. Meadows. On 24 January 2002, a consent order was filed modifying the caption in this case to reflect plaintiff's married name, Alisha L. Messina. Subsequently, both in the trial court and in this Court, plaintiff is listed as Alisha L. Messina. Both the verdict sheet and the amended judgment, however, list plaintiff as Alisha M. Messina. Accordingly, we remand this matter to the trial court for the technical correction of the amended judgment to name plaintiff as Alisha L. Messina consistent with the consent order entered by the parties.

NO ERROR resulting from the jury trial and amended judgment.

REMANDED for findings of fact on plaintiff's motion for attorney's fees on appeal and for correction of the amended judgment.

Judges TIMMONS-GOODSON and GEER concur.