MARK HUEBNER, Plaintiff v. TRIANGLE RESEARCH COLLABORATIVE, a North
Carolina Corporation, and THADDEUS K. SZOSTAK, Defendants

No. COA08-70

(Filed 21 October 2008)

**Appeal and Error— notice of appeal—tolling of time requirement—actual notice of judgment**

Plaintiff could not use Appellate Rule 3(c) to toll the time for filing his notice of appeal based on lack of service where he had actual notice of entry of the judgment. The language of a Rule 60(b) motion, filed almost three years before plaintiff's notice of appeal, indicated actual notice of the underlying order and judgment, and that motion was denied approximately two years and nine months before notice of appeal.

Appeal by plaintiff from an order and judgment entered 12 August 2004 by Judge Donald W. Stephens in Durham County Superior Court. Heard in the Court of Appeals 23 September 2008.

*McDaniel & Anderson, L.L.P., by John M. Kirby, for plaintiff-appellant.*

*Smith, James, Rowlett & Cohen, LLP, by Norman B. Smith, for defendant-appellees.*

PER CURIAM.

Mark Huebner ("plaintiff") appeals from an order dismissing his complaint involuntarily and from a judgment in favor of Triangle Research Collaborative and Thaddeus K. Szostak ("defendants"). For the reasons stated below, we dismiss this appeal.

I. Background

On 12 July 2002, plaintiff filed a complaint against defendants seeking: (1) unpaid wages, liquidated damages, and attorney's fees pursuant to North Carolina's Wage and Hour Act (N.C. Gen. Stat. §§ 95-25.1 to 95-25.25); and (2) an injunction, reinstatement to employment, and compensation for lost wages, benefits and other economic losses pursuant to North Carolina's Retaliatory Employment Discrimination Act (N.C. Gen. Stat. §§ 95-240 to 95-245). On 16 September 2002, defendants filed an answer and counterclaim

alleging that plaintiff had breached the confidentiality agreement contained in his employment contract.

On 4 October 2002, Jeffrey L. Starkweather filed a notice of appearance on plaintiff's behalf, and Elizabeth P. McLaughlin filed a motion to withdraw as plaintiff's counsel. The trial court allowed Ms. McLaughlin's motion to withdraw on 24 April 2003. On 16 May 2003, defendants filed a motion to continue and a motion for partial summary judgment. On 20 May 2003, the trial court entered an order continuing the trial; the court administrator rescheduled trial for 11 August 2003; and defendants' counsel and Mr. Starkweather agreed to extend the deadline for mediation until 21 July 2003. On 21 May 2003, defendants served Mr. Starkweather with notice that their motion for partial summary judgment would be heard on 17 July 2003.

Neither plaintiff nor Mr. Starkweather appeared for a scheduled 14 July 2003 mediation, and on 23 July 2003, defendants filed a motion for sanctions. On that same date, plaintiff filed a notice of voluntary dismissal without prejudice pursuant to N.C.R. Civ. P. 41. In response, on 30 July 2003, defendants filed a motion to dismiss plaintiff's complaint involuntarily. In support, defendant Triangle Research Collaborative asserted it had a pending compulsory counterclaim that it had not dismissed, and therefore, plaintiff's notice of voluntary dismissal was ineffectual as it amounted to a failure to prosecute the action.

Although Judge Stafford Bullock heard defendants' motion to dismiss on 22 August 2003, he did not enter a ruling upon the motion. In a letter dated 12 May 2004, the court notified the parties that the case was set for trial on 28 June 2004. A notation on the letter indicated that copies were sent to Ms. McLaughlin (plaintiff's former counsel) and to Mr. Starkweather (plaintiff's counsel at that time). Neither Mr. Starkweather nor plaintiff attended the 28 June 2004 hearing. During the hearing, Judge Donald Stephens stated that "[w]e've left messages with Jeffrey Starkweather's office all morning and notified his office that this matter would be called this afternoon. He is not here. We're proceeding without him. He certainly had notice from the printed calendar." Judge Stephens further noted that Judge Bullock had signed an order on 28 June 2004 relinquishing jurisdiction over the motions which Judge Bullock had heard on 22 August 2003. After hearing defendants' motion to dismiss, Judge Stephens allowed the defendant's motion in open court. Defendants then presented evidence as to their counterclaim, and Judge Stephens found that plaintiff had vio-

lated the confidentiality terms of the parties' employment contract. After permanently enjoining plaintiff from disclosing certain confidential information, Judge Stephens awarded $3,000.00 in attorney's fees to defendants.

On 28 June 2004, Judge Stephens signed one copy of an order dismissing plaintiff's complaint; this order was entered on 12 August 2004. On 6 July 2004, he signed a duplicate copy of the same order which was entered on 29 October 2004. In a judgment signed on 6 July 2004 and entered on 19 October 2004, Judge Stephens ruled in defendants' favor on the counterclaim. This copy also has a handwritten notation stating "Duplicate Copy Entered 12 Aug 04[.]" Judge Stephens signed a second copy of the same judgment on 12 August 2004, *nunc pro tunc*, 28 June 2004; however, the filing date for the second copy is unclear as the file stamp on the document provided in the record is illegible. This copy also contains a handwritten notation stating that "copies [were] mailed to atty" on 18 August 2004.

In correspondence dated 17 September 2004 and file-stamped 22 September 2004, plaintiff informed Court Administrator Kathy Shuart that he was terminating the services of Mr. Starkweather. On 27 October 2004, attorney Michael A. Jones filed a motion on plaintiff's behalf pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 60(b) (2007). The Rule 60(b) motion sought relief from the "Order Dismissing Plaintiff's Complaint Involuntarily[,]" filed on 12 August 2004 and from the "Findings of Fact, Conclusions of Law, and Judgment on Counterclaim[,]" filed on 12 August 2004. This language exactly tracked the labels in Judge Stephens' order and judgment. Following a November 2004 hearing on the Rule 60(b) motion, Judge Anthony M. Brannon entered an order denying said motion on 2 December 2004.

On 11 September 2007, plaintiff gave notice of appeal from the order and judgment "filed on or about August 12, 2004" by Judge Stephens, which was approximately three years subsequent to the filing of his Rule 60(b) motion and approximately two years and nine months after entry of the order denying said motion. In the notice of appeal, plaintiff asserted that the order and judgment had "never been served as required by Rule 58." On 27 March 2008, defendants filed a motion to dismiss plaintiff's appeal asserting that the notice of appeal was untimely.

Plaintiff contends that he was never served with Judge Stephens' order and judgment in accordance with Rule 58 of the North Carolina

Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 58 (2007). Defendants do not contest plaintiff's assertion, and the record before us does not show that defendants ever served plaintiff with Judge Stephens' underlying judgment and order in accordance with Rule 58.

## II. Analysis

Plaintiff argues that defendants' failure to serve him with Judge Stephens' order and judgment in accordance with Rule 58 triggered Rule 3(c) of the North Carolina Rules of Appellate Procedure which tolled the time for the filing of his notice of appeal, consequently rendering his notice of appeal timely. N.C.R. App. P. 3(c).

Appellate Rule 3(c) states:

In civil actions . . . a party must file and serve a notice of appeal . . . within 30 days after entry of judgment if the party has been served with a copy of the judgment within the three-day period prescribed by Rule 58 . . . or . . . within 30 days after service upon the party of a copy of the judgment if service was not made within that three-day period[.]

N.C.R. App. P. 3(c). In other words, the operation of Appellate Rule 3(c) is directly tied to Rule 58, which governs entry of judgment. "[T]he purposes of the requirements of Rule 58 are to make the time of entry of judgment easily identifiable, and to give fair notice to all parties that judgment has been entered." *Durling v. King*, 146 N.C. App. 483, 494, 554 S.E.2d 1, 7 (2001) (citations omitted). The relevant part of Rule 58 states:

Subject to the provisions of Rule 54(b), a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court. The party designated by the judge or, if the judge does not otherwise designate, the party who prepares the judgment, shall serve a copy of the judgment upon all other parties within three days after the judgment is entered. Service and proof of service shall be in accordance with Rule 5. If service is by mail, three days shall be added to the time periods prescribed by Rule 50(b), Rule 52(b), and Rule 59. All time periods within which a party may further act pursuant to Rule 50(b), Rule 52(b), or Rule 59 shall be tolled for the duration of any period of noncompliance with this service requirement, provided however that no time period under Rule 50(b), Rule 52(b) or Rule 59 shall be tolled longer than 90 days from the date the judgment is entered.

N.C.R. Civ. P. 58. In other words, like Appellate Rule 3(c), Rule 58 has its own tolling provision, which expands the time in which a party can bring certain post-trial motions when the judgment is not properly served in accordance with Rule 58. *Id.* However, Rule 58 explicitly caps the tolling of time for bringing these motions at ninety days from entry of judgment. *Id.* In addition, under Rule 58, the issue of whether service of the judgment is proper does not affect whether judgment was entered. *Durling,* 146 N.C. App. at 493, 554 S.E.2d at 7.

Plaintiff argues that Rule 3(c)'s language establishes that the time for filing notice of appeal is tolled until a party is properly served with the judgment pursuant to Rule 58 regardless of the amount of time that passes between entry of judgment and the filing of the notice of appeal. Plaintiff further contends that this Court's opinion in *Davis v. Kelly,* 147 N.C. App. 102, 554 S.E.2d 402 (2001), conclusively establishes that this is true even if: (1) the time and entry of judgment is easily identifiable; (2) an appellant has actual notice of entry of judgment; and (3) an appellant has actual notice of the content of the judgment. Plaintiff also claims that *Davis* holds that an appellant does not waive the benefit of Rule 3(c)'s tolling provision by improperly filing a notice of appeal without first objecting to improper service of the judgment. In sum, plaintiff argues that *Davis* conclusively establishes that his notice of appeal was timely. For the reasons discussed below, we reject plaintiff's arguments.

In *Davis,* judgment was entered against the defendant on 24 August 2000, and the defendant was served with the judgment on 1 September 2000. *Id.* at 105, 554 S.E.2d at 404. On 20 September 2000, the defendant served a proper notice of appeal on the plaintiff but filed the notice of appeal in the wrong court. *Id.* The defendant corrected the mistake on 10 October 2000; however, the plaintiff filed a motion to dismiss alleging that the 10 October notice of appeal was untimely because it was filed outside the thirty day period mandated by Appellate Rule 3(c). *Id.* The Court rejected the plaintiff's argument, noting that the "plaintiff [had] not fully compl[ied] with the service requirements of Rule 58 . . . until 26 October 2000" because he had not filed a certificate of service as required by N.C. Gen. Stat. § 1A-1, Rule 5(d) until that date. *Id.* The Court concluded that "[t]he running of the time for filing and serving a notice of appeal was tolled pursuant to N.C.R. App. P. 3 until plaintiff's compliance [with Rule 58], and defendant's notice of appeal is, therefore, timely." *Id.*

Contrary to plaintiff's assertions, we do not read *Davis* as conclusively resolving the issues of actual notice and waiver. While it

appears that similar to plaintiff here, the defendant in *Davis* had actual notice of entry of judgment and the judgment's content, the Court did not discuss the issue of actual notice. In addition, while the defendant in *Davis* had filed a notice of appeal without objecting to the improper proof of service, the Court also did not discuss or address waiver. Furthermore, unlike in the instant case, the defendant in *Davis* actually filed and served a proper notice of appeal (albeit in the wrong court), that would have been timely without the benefit of Appellate Rule 3(c)'s tolling provision. Even more importantly, in *Davis*, the defendant corrected his filing mistake approximately forty days after receiving service of the judgment and twenty days after filing the notice of appeal in the wrong court. Here, plaintiff did not file his notice of appeal until almost three years after he filed his Rule 60(b) motion and approximately two years and nine months after the entry of the order denying said motion.

Based on the lack of discussion of actual notice and waiver in *Davis* and the critical factual distinctions between that case and the instant one, we do not believe that *Davis* forecloses dismissal of an appeal based on waiver due to an appellant's extended delay in filing the notice of appeal where the record clearly indicates that an appellant has actual notice of the entry of judgment and its content. Furthermore, we do not believe the purposes of Rule 58 are served by allowing a party with actual notice to file a notice of appeal and allege timeliness based on lack of proper service when almost three years had passed since the party had filed its Rule 60(b) motion and the entry of an order denying it.

Hence, we conclude that because: (1) the language of plaintiff's Rule 60(b) motion demonstrates that he had actual notice of the time and entry of Judge Stephens' order and judgment as well as their content; (2) almost three years had passed between the time plaintiff respectively filed his Rule 60(b) motion and his notice of appeal; and (3) approximately two years and nine months had passed between the entry of the order denying the Rule 60(b) motion and the filing of the notice of appeal, plaintiff cannot now utilize Appellate Rule 3(c) to toll the time for filing his notice of appeal. Thus, plaintiff has waived the benefit of Rule 3(c) by failing to take timely action with regard to his notice of appeal. Without the benefit of the tolling provision, plaintiff's notice of appeal is untimely. "Failure to give timely notice of appeal in compliance with . . . Rule 3 of the North Carolina Rules of Appellate Procedure is jurisdictional, and an untimely attempt to appeal must be dismissed." *Booth v. Utica*

*Mutual Ins. Co.*, 308 N.C. 187, 189, 301 S.E.2d 98, 99-100 (1983) (citations omitted).

Plaintiff asks us to "exercise [our] discretion . . . to accept this case under [our] powers of *certiorari*" in the event that we "ha[ve] any substantial question about the timeliness of this appeal[.]" N.C.R. App. P. 21(a)(1) permits this Court to issue a writ of certiorari to allow us to review a trial court's judgments and orders "when the right to prosecute an appeal has been lost by failure to take timely action[.]" However, N.C.R. App. P. 21(c) provides that a party's "petition [for writ of certiorari] shall be filed without unreasonable delay[.]" Under the facts here, we conclude that defendant's request for certiorari has not been filed without unreasonable delay. Consequently, we decline to exercise our discretionary powers pursuant to Appellate Rule 21 to review plaintiff's appeal.

Accordingly, we allow defendants' motion to dismiss plaintiff's appeal.

Appeal dismissed.

Panel consisting of Judges HUNTER, ELMORE, and GEER.