CATHERINE MANONE, PLAINTIFF v. LAURA FAYE COFFEE, DEFENDANT

No. COA11-450

(Filed 20 December 2011)

**Appeal and Error—notice of appeal—not timely—judgment picked up at courthouse**

The trial court properly granted a motion to dismiss an appeal as untimely where a custody order granting joint custody was entered on 16 August 2010; defendant picked up the custody order at the court house on 19 August, within three days of its entry; and defendant did not file and serve notice of appeal until 20 September. The service requirements of Rule 3(c) of the Rules of Appellate Procedure are not applicable but the remainder of the Rule applies. This case was unique in that it was not clear from the record which party was required to serve a copy of the judgment and because defendant was both the appealing party and the party who complied with the service requirements.

MANONE v. COFFEE

[217 N.C. App. 619 (2011)]

Appeal by defendant from order entered 20 December 2010 by Judge William A. Marsh, III, in Durham County District Court. Heard in the Court of Appeals 29 September 2011.

*Tharrington Smith, LLP, by Jill Schnabel Jackson and H. Suzanne Buckley, for plaintiff.*

*Sharpe, Mackritis & Dukelow, P.L.L.C., by Lisa M. Dukelow, for defendant.*

THIGPEN, Judge.

Following the filing of a custody order on 16 August 2010, a staff member from defense counsel's office picked up the order from the court house[1] on 19 August 2010. The next day, the defendant's attorney mailed a copy of the order to the plaintiff and filed a certificate of service. The defendant filed notice of appeal on 20 September 2010. We must determine whether the trial court erred by dismissing the defendant's appeal as not timely filed. We conclude the defendant received actual notice of the entry and content of the order when the order was picked up from the court house; therefore, pursuant to Rule 3(c)(1) of the North Carolina Rules of Appellate Procedure, she had thirty days from the date the order was entered to file a notice of appeal. Because the defendant did not file notice of appeal within that time, her appeal was not timely, and, we affirm.

On 10-14 May 2010, the trial court heard Catherine Manone ("Plaintiff") and Laura Faye Coffee's ("Defendant") respective claims for child custody. On 16 August 2010, the trial court filed an order granting joint legal and physical custody ("Custody Order") of the minor children to Plaintiff and Defendant. On 19 August 2010, a staff member of Defendant's counsel obtained the Custody Order from the court house and faxed a copy to Plaintiff's counsel. On 20 August 2010, Defendant's counsel filed a Certificate of Service certifying that a copy of the Custody Order was mailed to Plaintiff's attorney and to Defendant. On 20 September 2010, Defendant filed Notice of Appeal of the Custody Order.

On 6 October 2010, Plaintiff filed a Motion to Dismiss Appeal. After a hearing on 3 November 2010, the trial court entered an order on 20 December 2010 granting Plaintiff's motion to dismiss and dis-

---

1. It is not clear from the record from whom or where at the trial court the staff member picked the order up. The defendant merely states in her brief that a staff member from her attorney's office "went to the court house . . . and located a copy of the order."

missing Defendant's appeal "as not timely filed." Defendant appeals from the 20 December 2010 order.

On appeal, Defendant contends the trial court erred by entering the 20 December 2010 order and holding that Defendant's appeal was not timely filed. We disagree.

"Failure to give timely notice of appeal in compliance with . . . Rule 3 of the North Carolina Rules of Appellate Procedure is jurisdictional, and an untimely attempt to appeal must be dismissed." *Booth v. Utica Mut. Ins. Co.*, 308 N.C. 187, 189, 301 S.E.2d 98, 99-100 (1983) (citations omitted). Rule 3(c) of the North Carolina Rules of Appellate Procedure provides that a party in a civil action must file and serve a notice of appeal:

> (1) within thirty days after entry of judgment if the party has been served with a copy of the judgment within the three day period prescribed by Rule 58 of the Rules of Civil Procedure; or

> (2) within thirty days after service upon the party of a copy of the judgment if service was not made within that three day period[.]

N.C. R. App. P. 3(c)(1) & (2). Rule 58 of the North Carolina Rules of Civil Procedure states, in relevant part:

> [A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court. The party designated by the judge or, if the judge does not otherwise designate, the party who prepares the judgment, shall serve a copy of the judgment upon all other parties within three days after the judgment is entered. Service and proof of service shall be in accordance with Rule 5.

N.C. Gen. Stat. § 1A-1, Rule 58 (2009). "[T]he purposes of the requirements of Rule 58 are to make the time of entry of judgment easily identifiable, and to give fair notice to all parties that judgment has been entered." *Durling v. King*, 146 N.C. App. 483, 494, 554 S.E.2d 1, 7 (2001) (citations omitted). Rule 5(b) of the North Carolina Rules of Civil Procedure lists various methods of service, including delivering a copy, mail, and telefacsimile, and states that a "certificate of service shall accompany every pleading and every paper required to be served on any party or nonparty to the litigation[.]" N.C. Gen. Stat. § 1A-1, Rule 5(b) (2009).

Rule 58 directs "[t]he party designated by the judge" or "the party who prepares the judgment" to "serve a copy of the judgment upon all other parties within three days after the judgment is entered." In this case, it is not clear from the record which party was designated by the judge or which party prepared the judgment;[2] thus, it is not clear which party was to serve a copy of the order upon the other party. We note, however, Defendant does not argue on appeal that Plaintiff was responsible under Rule 58 to serve a copy of the Custody Order on Defendant or that Defendant's time to appeal was tolled because Plaintiff failed to serve Defendant as required by Rule 58. Rather, Defendant contends her appeal was timely because neither party complied with the service requirements of Rule 58 until Defendant filed the certificate of service on 20 August 2010; thus, her time for filing notice of appeal did not begin to run until 20 August 2010.

Defendant cites *Frank v. Savage*, ___ N.C. App. ___, 695 S.E.2d 509 (2010), and *Davis v. Kelly*, 147 N.C. App. 102, 554 S.E.2d 402 (2001), in support of her argument that her notice of appeal is timely because there was no compliance with the Rule 58 service requirements until Defendant filed a certificate of service on 20 August 2010. In both *Frank* and *Davis*, this Court held that the non-appealing party's failure to comply with the certificate of service requirement tolled the appealing party's time for taking an appeal. *See Frank*, ___ N.C. App. at ___, 695 S.E.2d at 511-12 (holding that the plaintiffs' appeal was timely because the defendants' certificate of service did not show the name or service address of any person upon whom the order was served); *Davis*, 147 N.C. App. at 105, 554 S.E.2d at 404 (holding that the plaintiff's failure to comply with the certificate of service requirements tolled the defendant's time for filing and serving notice of appeal, and the defendant's appeal was therefore, timely). We find these cases distinguishable because in the instant case, Defendant is both the appealing party and the party who served a copy of the Custody Order on Plaintiff and filed the certificate of service. Additionally, the appealing party in *Davis* and *Frank* did not obtain a copy of the judgment until the non-appealing party served a

---

2. The record on appeal does not contain a transcript from the hearing on child custody, and therefore does not indicate if the trial court designated a party to prepare the order or which party prepared it. At the hearing on Defendant's motion to dismiss Plaintiff's appeal, Plaintiff's attorney told the trial court, "[Defendant's attorneys] prepared the judgment in this case." Defendant's attorney explained, however, "I don't know how it came to be who design—who prepared the judgment, but I know that when the order was signed . . . your case coordinator or whoever it was gave it to [Plaintiff's attorney]."

copy on them. In this case, Defendant went to the court house to pick up the Custody Order.

Although *Huebner v. Triangle Research Collaborative*, 193 N.C. App. 420, 667 S.E.2d 309 (2008), is also factually distinguishable from the present case, we find this Court's discussion of actual notice instructive. In *Huebner*, the plaintiff filed notice of appeal on 11 September 2007 from an order and judgment entered approximately three years earlier on 12 August 2004. *Id.* at 422, 667 S.E.2d at 310. The defendants never served the plaintiff with a copy of the order and judgment, but it was clear the plaintiff had actual notice of the order and judgment because he filed a Rule 60(b) motion on 27 October 2004 that "exactly tracked" the language in the order and judgment. *Id.* at 422-23, 667 S.E.2d at 311. Because the plaintiff had actual notice of the entry and content of the order and judgment and because almost three years had passed since the plaintiff had filed his Rule 60(b) motion and the entry of an order denying the motion, this Court held that the "plaintiff has waived the benefit of Rule 3(c) by failing to take timely action with regard to his notice of appeal." *Id.* at 425, 667 S.E.2d at 312-13. Additionally, this Court noted "we do not believe the purposes of Rule 58 are served by allowing a party with actual notice to file a notice of appeal and allege timeliness based on lack of proper service[.]" *Id.* at 425, 667 S.E.2d at 312.

In reaching our holding, we note that the facts of this case are unique in that it is not clear from the record which party was required to serve a copy of the judgment pursuant to Rule 58, and because Defendant is both the appealing party and the party who complied with the service requirements of Rule 58. However, following the language in *Huebner* regarding actual notice and considering the purposes of the service requirements of Rule 58, we hold that when a party receives actual notice of the entry and content of a judgment, as was done in this case by obtaining the Custody Order directly from the court house, the service requirements of Rule 3(c) of the Rules of Appellate Procedure are not applicable. At that point, the party has been given "fair notice . . . that judgment has been entered[,]" *Durling*, 146 N.C. App. at 494, 554 S.E.2d at 7 (citations omitted), and the party's actual notice essentially substitutes for the service requirements. Although we hold the service requirements of Rule 3(c) are not applicable, we further hold the remainder of Rule 3(c) shall continue to apply.

In this case, Defendant had actual notice of the entry and content of the Custody Order when a staff member from defense counsel's

office picked the Custody Order up from the court house on 19 August 2010 and faxed a copy of the Custody Order to Plaintiff's attorney. Although defense counsel contends she herself did not receive the Custody Order until 20 August 2010, notice is effective when the attorney's office, not the individual attorney, receives an order or judgment. *See Cornell v. Western and Southern Life Ins. Co.*, 162 N.C. App. 106, 111, 590 S.E.2d 294, 298 (2004) (holding that the defendants received notice of the opinion and award "when the notice was received by Womble, Carlyle, Sandridge, & Rice, P.L.L.C., not when the law firm routed it to the individual attorney within the firm to whom the case had been assigned").

Once Defendant received actual notice of the Custody Order by picking it up from the court house, the portion of Rule 3(c) requiring service pursuant to Rule 58 was not applicable to her. Here, the Custody Order was entered on 16 August 2010, and Defendant picked the Custody Order up from the court house on 19 August 2010, within three days of the date the Custody Order was entered. Therefore, under Rule 3(c)(1), Defendant was required to file and serve a notice of appeal within thirty days of 16 August 2010, the date the Custody Order was entered. Defendant had until 15 September 2010 to timely file and serve notice of appeal, but did not do so until 20 September 2010. Thus, we conclude Defendant's appeal was not timely, and the trial court did not abuse its discretion by granting Plaintiff's motion to dismiss Defendant's appeal.

AFFIRMED.

Judges GEER and STROUD concur.