An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-927

NORTH CAROLINA COURT OF APPEALS

Filed:  15 April 2014

VALERY KENNEDY,
     Plaintiff

v.                                    Mecklenburg County
                                      No. 07 CVS 7515
JORGE FERNANDO RAMIREZ,
     Defendant.


Appeal by plaintiff from orders entered 1 June 2012 and 4 January 2013 by Judge W. Robert Bell in Mecklenburg County Superior Court.  Heard in the Court of Appeals 6 January 2014.


*Law Office of Billie R. Ellerbe, by Billie R. Ellerbe, for plaintiff-appellant.*

*Robinson Elliott & Smith, by Kevin D. Elliott, for Nationwide Mutual Insurance Company.*


McCULLOUGH, Judge.


Plaintiff Valery Kennedy appeals from orders entered 1 June 2012 and 4 January 2013.  For the reasons stated herein, we dismiss this appeal as untimely.

I.  Background

On 17 April 2007, plaintiff Valery Kennedy filed a complaint against defendant Jorge Fernando Ramirez.  Plaintiff

alleged that on or about 23 April 2005, plaintiff and defendant Ramirez were involved in a motor vehicle accident in Charlotte, North Carolina. Plaintiff argued that she had suffered damages to her vehicle and injuries to her person, that were caused directly and proximately by the willful, negligent, and wanton acts of defendant Ramirez. At the time of the accident, defendant Ramirez was insured by Nationwide Mutual Insurance Company ("Nationwide").

The civil summons, issued on 18 April 2007, was returned to plaintiff on 25 April 2007, and stated that defendant Ramirez was not served. The civil summons included the following notation: "Per Andrea Garcia (office Mgr) advised def. moved out a few months ago new tenants no further info of def."

On 12 June 2008, counsel for Nationwide, Michael J. Kitson ("Kitson"), of Clawson & Staubes, PLLC, sent a letter to plaintiff's attorney stating that he "ha[d] been assigned the defense" of the current matter and requesting that plaintiff provide proof of service. On 18 July 2008, plaintiff filed an "Affidavit of Due Diligence," demonstrating that defendant Ramirez was served by publication in "The Mecklenburg Times" newspaper on 27 May 2008, 3 June 2008, and 10 June 2008.

On 28 January 2009, plaintiff filed a "Motion & Request for Entry of Default Against Defendant Jorge Fernando Ramirez." On 12 February 2009, the trial court allowed "Entry of Default" against defendant Ramirez. On 8 April 2009, "Default Judgment" was entered against defendant Ramirez. The trial court concluded that plaintiff had "incurred damages for past medical expenses, lost earning capacity and physical pain and mental suffering as a proximate result of the negligence of Defendant." Plaintiff was awarded $25,000 in reasonable compensation for injuries sustained, to be recovered from defendant Ramirez.

On 17 July 2009, Kitson, on behalf of defendant Ramirez, filed a "Motion to Set Aside Default" pursuant to Rule 55. Also on 17 July 2009, Kitson, on behalf of defendant Ramirez, filed a "Motion to Dismiss" plaintiff's complaint pursuant to Rule 12(b) for insufficiency of process, insufficiency of service of process, failure to state a claim on which relief can be granted, and failure to prosecute. On 17 August 2009, plaintiff filed "Plaintiff's Response to Defendant's Motion to Set Aside Default" and moved to dismiss plaintiff's motion for failure to state a claim.

On 29 June 2010, the trial court entered an order, dismissing defendant Ramirez's "Motion to Set Aside Default" and

"Motion to Dismiss," based on a finding that counsel for Kitson did not have defendant Ramirez's authorization to appear on his behalf to file the 17 July 2009 "Motion to Set Aside Default Judgment" and "Motion to Dismiss." The order found the following: "although [Kitson] had been retained to represent Defendant Ramirez, he had never met him, had no authorization from Defendant Ramirez to represent him or file papers on his behalf. Counsel indicated that he had been informed that Defendant Ramirez was deceased."

On 8 December 2010, plaintiff filed a "Motion to Join Necessary Party, Motion for Rule N.C.G.S. 75.1 Relief[,] Motion for Declaratory Relief." This motion, amended on 24 January 2011, sought to add Nationwide as a party defendant, alleged that Nationwide had violated the North Carolina Unfair and Deceptive Trade Practices Act by refusing to honor its obligations under the terms of the contract signed by Nationwide and defendant Ramirez, and prayed that the trial court declare the rights and obligations of the parties and Nationwide under the applicable insurance policy sold to defendant Ramirez.

On 27 September 2011, Kevin D. Elliot, of Robinson Elliot & Smith, filed a "Notice of Appearance" to appear as counsel on behalf of defendant Ramirez.

On 29 February 2012, Nationwide filed a "Motion to Intervene and Motion to Dismiss." Nationwide argued that subsequent to the default judgment being entered, Nationwide informed plaintiff's counsel that the applicable policy of insurance to the claim being made was an insurance policy obtained through the North Carolina Reinsurance facility. Nationwide argued that pursuant to North Carolina law, plaintiff was required to serve a copy of the summons and complaint on an insurance company if seeking to recover on a default judgment. Nationwide alleged that because plaintiff failed to serve Nationwide, it was under no obligation to pay any sum of money due.

On 10 May 2012, plaintiff filed a motion for summary judgment "as to the issue of adding Nationwide Mutual Insurance Company as a named Defendant in this action because there is no genuine issue of fact because Nationwide Mutual Insurance Company has filed a Motion to Intervene in this case."

On 1 June 2012, the trial court entered an order, granting Nationwide's 29 February 2012 "Motion to Intervene and Motion to Dismiss."

On 15 June 2012, plaintiff filed a "Motion to Set Aside Pursuant to Rule 60(b)(6) and Motion for New Hearing Pursuant to

Rule 59(9) of the North Carolina Rules of Civil Procedure." Plaintiff argued that Nationwide's 29 February 2012 motion to dismiss raised the issue of insufficiency of process and "was essentially the same motion" that was filed by Kitson on 17 July 2009. Further, plaintiff contended that the 29 June 2010 Order constituted *res judicata* on the issue of insufficiency of process.

On 22 June 2012, plaintiff dismissed her motion for summary judgment without prejudice.

On 4 January 2013, the trial court entered an order denying plaintiff's 15 June 2012 motion to reconsider pursuant to Rule 59.

Plaintiff now appeals from the 1 June 2012 Order, granting Nationwide's motion to intervene and motion to dismiss, and from the 4 January 2013 order, denying plaintiff's motion to reconsider. Notice of appeal was filed on 8 March 2013.

## II. Discussion

On appeal, plaintiff argues that the trial court erred by (A) granting Nationwide's motion to dismiss plaintiff's claims without making findings of fact and conclusions of law and since the issue of sufficiency of service had been previously litigated; and (B) denying plaintiff's motion to set aside

pursuant to Rule 60 and motion for a new hearing pursuant to Rule 59 of the North Carolina Rules of Civil Procedure.

A preliminary, and dispositive, issue that we must address is whether we have jurisdiction to hear plaintiff's appeal. Rule 3(c)(1) of the North Carolina Rules of Appellate Procedure provides that:

> [i]n civil actions and special proceedings, a party must file and serve a notice of appeal: (1) within thirty days after entry of judgment if the party has been served with a copy of the judgment within the three day period prescribed by Rule 58 of the Rules of Civil Procedure; or (2) within thirty days after service upon the party of a copy of the judgment if service was not made within that three day period[.]

N.C. R. App. P. 3(c)(1)-(2) (2013). However, "if a timely motion is made by any party for relief under Rules 50(b), 52(b), or 59 of the Rules of Civil Procedure," the 30-day period is tolled until entry of an order disposing of the motion. N.C. R. App. P. 3(c)(3) (2013).

In the present case, after the trial court entered the 1 June 2012 order granting Nationwide's motion to intervene and motion to dismiss, plaintiff filed, on 15 June 2012, a motion to set aside and for a new hearing pursuant to Rules 60(b)(6) and 59(9) of the North Carolina Rules of Civil Procedure. The trial court entered an order denying plaintiff's Rule 59 motion on 4

January 2013. Notice of appeal was filed on 8 March 2013, approximately nine months after the entry of the 1 June 2012 order, nine months after the filing of plaintiff's Rule 60(b) and 59(9) motion, and two months after entry of the 4 January 2013 order. Therefore, unless the time for filing notice of appeal was tolled, plaintiff's appeal from both orders was untimely.

First, we note that it is well established that "[w]hen a party moves for reconsideration under Rule 60(b), the time for filing notice of appeal is *not* tolled." *Espinosa v. Tradesource, Inc.*, __ N.C. App. __, __, 752 S.E.2d 153, 156 (2013) (emphasis added); *See* N.C. R. App. P. 3(c) (2013).

In addition, plaintiff cannot now argue that she was improperly served with the 1 June 2012 order or that she did not have notice of the entry of the 1 June 2012 order as she did in her 15 June 2012 Rule 60 and Rule 59 motion, thereby tolling the time for entry of notice of appeal. In plaintiff's Rule 60(b)(6)[1] motion to set aside the 1 June 2012 order and Rule

---

[1] Rule 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) Any other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (2013).

59(9)[2] motion for a new hearing, plaintiff alleged that she was never served a copy of the 1 June 2012 order as required by Rule 58 of the North Carolina Rules of Civil Procedure.

Rule 58 provides as follows:

> a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court. The party designated by the judge or, if the judge does not otherwise designate, the party who prepares the judgment, shall serve a copy of the judgment upon all other parties within three days after the judgment is entered. Service and proof of service shall be in accordance with Rule 5[3].

N.C. Gen. Stat. § 1A-1, Rule 58 (2013).

We note that plaintiff concedes in her Rule 60(b)(6) motion that defense counsel sent her an e-mail copy of the order to plaintiff on 5 June 2012, without a certificate of service having been attached. Our Court has previously stated that "the

---

[2] Rule 59(a)(9) provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds: . . . (9) Any other reason heretofore recognized as grounds for new trial." N.C. Gen. Stat. § 1A-1, Rule 59(a)(9) (2013).

[3] Rule 5 provides that "[a] certificate of service shall accompany every pleading and every paper required to be served on any party or nonparty to the litigation, except with respect to pleadings and papers whose service is governed by Rule 4. The certificate shall show the date and method of service or the date of acceptance of service and shall show the name and service address of each person upon whom the paper has been served. . . ." N.C. Gen. Stat. § 1A-1, Rule 5(b1) (2013).

operation of Appellate Rule 3(c) is directly tied to Rule 58, which governs entry of judgment. [T]he purposes of the requirements of Rule 58 are to make the time of entry of judgment easily identifiable, and to give fair notice to all parties that judgment has been entered." *Huebner v. Triangle Research Collaborative*, 193 N.C. App. 420, 423, 667 S.E.2d 309, 311 (2008) (citations and quotation marks omitted). "[W]hen a party receives actual notice of the entry and content of a judgment, . . . the service requirements of Rule 3(c) of the Rules of Appellate Procedure are not applicable. At that point, the party has been given 'fair notice . . . that judgment has been entered[.]'" *Manone v. Coffee*, __ N.C. App. __, __, 720 S.E.2d 781, 784 (2011) (citation omitted). Once plaintiff received actual notice of the 1 June 2012 order, "the portion of Rule 3(c) requiring service pursuant to Rule 58 was not applicable to her." *Id.* "[P]laintiff cannot now utilize Appellate Rule 3(c) to toll the time for filing [her] notice of appeal." *Huebner*, 193 N.C. App. at 425, 667 S.E.2d at 312.

With respect to plaintiff's motion for a new hearing pursuant to Rule 59, the 30-day period is tolled until entry of an order disposing of the motion. N.C. R. App. P. 3(c)(3) (2013). Plaintiff did not file notice of appeal from the order

denying her Rule 59 motion to reconsider entered 4 January 2013 until 8 March 2013.  This was clearly outside the 30-day period.

Based on the foregoing, we hold that plaintiff failed to timely appeal from both the 1 June 2012 and 4 January 2013 orders. Because "[f]ailure to give timely notice of appeal in compliance with . . . Rule 3 of the North Carolina Rules of Appellate Procedure is jurisdictional, . . . an untimely attempt to appeal must be dismissed."  *Huebner*, 193 N.C. App. at 425-26, 667 S.E.2d at 313 (citing *Booth v. Utica Mutual Ins. Co.*, 308 N.C. 187, 189, 301 S.E.2d 98, 99-100 (1983) (citations omitted)).

Dismissed.

Chief Judge MARTIN and Judge ERVIN concur.

Report per Rule 30(e).