Am. Mech., Inc. v. Bostic, 2014 NCBC 47.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| RANDOLPH COUNTY | 12 CVS 1384 |

AMERICAN MECHANICAL, INC.,

        Plaintiff,

v.

JEFFREY L. BOSTIC, MICHAEL
HARTNETT and JOSEPH E. BOSTIC,
JR.,

        Defendants.

**ORDER AND OPINION DISMISSING
APPEAL**

{1} **THIS MATTER** is before the Court upon Defendants Jeffrey L. Bostic and Michael Hartnett's (collectively "Defendants") Motion to Dismiss Plaintiff's Appeal (the "Motion") in the above-captioned case.[1] Having considered the Motion and the briefs and exhibits filed in support of and in opposition to the Motion, the Court hereby **GRANTS** Defendants' Motion to Dismiss Plaintiff's Appeal.[2]

*McKinney & Tallant, P.A. by Zeyland G. McKinney, Jr. for Plaintiff American Mechanical, Incorporated.*

*Nexsen Pruet, PLLC by David S. Pokela and Christine L. Myatt for Defendant Jeffrey L. Bostic.*

---

[1] From a review of the Court file, it appears that the original Summons was issued to Defendant Joseph E. Bostic, Jr. in this action on June 4, 2012 but never served. It further appears that on July 5, 2012, Plaintiff obtained the issuance of an alias summons to Defendant Joesph E. Bostic, Jr. within thirty days of the issuance of the original summons as permitted under N.C. R. Civ. P. Rule 4. However, it appears that Plaintiff never served the alias summons on Defendant Joseph E. Bostic, Jr. or obtained a subsequent pluries summons – either within the time specified in Rule 4(d) of the North Carolina Rules of Civil Procedure or thereafter as contemplated under N.C. R. Civ. P. Rule 4(e). Accordingly, by operation of N.C. R. Civ. P. Rule 4(e), this action was discontinued against Defendant Joseph E. Bostic, Jr. on October 3, 2012, the date ninety (90) days after the alias summons was issued. *See, e.g., McIntyre v. Austin*, 232 N.C. 189, 191, 59 S.E.2d 586, 588 (1950) ("The duty is now imposed upon the plaintiff to sue out an *alias* summons if the original writ failed of its purpose or proved ineffectual; and likewise to sue out a *pluries* summons when the preceding writs have proved ineffectual, or there will be discontinuance of the action.").

[2] Pursuant to BCR 15.4(a), the Court has, in its discretion, elected not to hold a hearing on the Motion and instead decides the Motion based on the papers presented. *See* BCR 15.4(a) ("Motions shall be considered [on the papers] without hearing or oral argument" absent special circumstances).

*Smith Moore Leatherwood LLP by D. Erik Albright and Matthew Nis Leerberg for Defendant Michael Hartnett.*

Bledsoe, Judge.

{2}     Plaintiff filed this action on June 4, 2012 in Randolph County Superior Court alleging claims for constructive fraud against Defendants Melvin Morris and Jeffrey L. Bostic and for aiding and abetting constructive fraud against Defendants Tyler Morris, Michael Hartnett and Joseph E. Bostic, Jr.  The case was designated as a complex business case on June 28, 2012 and assigned to this Court (Murphy, J.) on July 2, 2012.

{3}     As noted in footnote 1 *supra*, this action was discontinued as to Defendant Joseph E. Bostic, Jr. on October 3, 2012.  On January 18, 2013, this Court (Murphy, J.) entered an Order dismissing Plaintiff's claim for aiding and abetting constructive fraud against Defendants Tyler Morris and Michael Hartnett (the "2013 Order").  On May 24, 2013, Plaintiff dismissed the claim for constructive fraud against Defendant Melvin Morris with prejudice.  On May 12, 2014, this Court (Murphy, J.) entered an Order and Opinion dismissing the single claim asserted against Defendant Jeffrey Bostic (the "2014 Order").  As a result, the 2014 Order resolved the only claim against the last remaining defendant in this action and therefore constituted a final judgment under Rule 54 of the North Carolina Rules of Civil Procedure.  *See, e.g., Veazey v. Durham*, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381 (1950) ("A final judgment is one which disposes of the cause as to all

parties, leaving nothing to be judicially determined between them in the trial court.").

{4} The Court notified the parties of the entry of the 2014 Order by sending an electronic "Notice of Entry" of the 2014 Order to all parties on May 12, 2014 as permitted under Rule 6.11 of the Business Court Rules ("BCR"). The 2014 Order was thereafter filed with the Randolph County Clerk of Superior Court on May 16, 2014. The filing of the 2014 Order with the Randolph County Clerk of Superior Court constituted the entry of final judgment in this case thereby permitting appeal of the 2013 and 2014 Orders to the North Carolina Court of Appeals.

{5} Under Rule 3 of the North Carolina Rules of Appellate Procedure, Plaintiff – as a "party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action" – could "take appeal by filing notice of appeal with the clerk of superior court and serving copies upon all other parties within . . . thirty days after entry of judgment . . . ." N.C.R.A.P. 3(a) and 3(c). Accordingly, to timely appeal the 2013 and 2014 Orders, Plaintiff was required to file its notice of appeal with the Randolph County Clerk of Superior Court no later than Monday, June 16, 2014, which was thirty days after the May 16, 2014 entry of final judgment in Randolph County.

{6} On June 4, 2014, Plaintiff electronically filed and mailed to all parties a document titled "Notice of Appeal (Appeals from Two Separate Orders)" (the "Notice of Appeal") purporting to appeal the 2013 and 2014 Orders. Plaintiff, however, did

not file the Notice of Appeal with the Randolph County Clerk of Superior Court until August 11, 2014.

{7}    Although mandating an admittedly harsh result, North Carolina law is clear that Plaintiff's failure to file the Notice of Appeal with the Randolph County Clerk of Superior Court within the time prescribed under N.C. R. App. P. Rule 3 requires dismissal of Plaintiff's appeal. *See, e.g., Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) ("The provisions of Rule 3 are jurisdictional, and failure to follow the rule's prerequisites mandates dismissal of an appeal."); *Currin-Dillehay Bldg. Supply, Inc. v. Frazier*, 100 N.C. App. 188, 189, 394 S.E.2d 683, 684 (1990) ("[I]f the requirements of [Rule 3] are not complied with, the appeal must be dismissed."). Plaintiff's timely electronic filing with the North Carolina Business Court does not satisfy the requirements of Rule 3. *See Ehrenhaus v. Baker*, 2014 NCBC 30 ¶¶ 10–11 (N.C. Super. Ct. July 16, 2014), www.ncbusinesscourt.net/opinions/2014_NCBC_30.pdf (dismissing appeal as untimely where plaintiff timely filed notice of appeal electronically with the Business Court but failed to timely file notice of appeal with the clerk of court in the county of venue).

{8}    Plaintiff attempts to avoid dismissal by arguing that the 2014 Order was never "served" as required under Rule 58 of the North Carolina Rules of Civil Procedure. The Business Court Rules, however, expressly provide that electronic "Notice of Entry" constitutes service under Rule 58, *see* BCR 6.11 ("[t]ransmission of such Notice of Entry shall constitute service pursuant to N.C. R. Civ. P. 58"), and

Plaintiff stipulated to electronic service under BCR 6 as reflected in the Court's Case Management Order in this case. Moreover, Plaintiff admits it had actual notice of the 2014 Order upon its entry on May 12, 2014, and the North Carolina courts have consistently held that actual notice of the entry of a final judgment or order within three days of its entry triggers the commencement of the thirty-day appeal period under Rule 3. *See, e.g., Magazian v. Creagh,* 759 S.E.2d 130 (N.C. Ct. App. 2014) ("[W]hen a party receives actual notice that a judgment has been entered, the service requirements of Rule 3(c) are not applicable, and actual notice substitutes for proper service."); *Huebner v. Triangle Research Collaborative*, 193 N.C. App. 420, 425, 667 S.E.2d 309, 312 (2008) (dismissing appeal as untimely where Rule 58 service did not occur but the "record clearly indicates that an appellant ha[d] actual notice of the entry of judgment and its content"). As a result, Plaintiff's arguments under N.C. R. Civ. P. Rule 58 are without merit.

{9} Based on the foregoing, the Court concludes that Plaintiff did not timely file its Notice of Appeal with the Randolph County Clerk of Superior Court as required under Rule 3 of the North Carolina Rules of Appellate Procedure, and therefore Plaintiff's appeal must be dismissed. Accordingly, the Court hereby **GRANTS** Defendants' Motion to Dismiss Plaintiff's Appeal, and Plaintiff's appeal is hereby **DISMISSED.**

**SO ORDERED**, this the 6th day of October 2014.