DAVIS, Judge.
Sisi Jewell Hester ("Defendant") appeals from the trial court's 21 July 2014 order finding her in contempt of court. Because Defendant's notice of appeal was untimely, we dismiss the appeal for lack of appellate jurisdiction.
Factual Background
Willie Hester, Jr. ("Plaintiff") and Defendant are the parents of a minor child, born in July of 2010. The parties separated and divorced, and on 4 January 2013, the trial court entered a permanent custody order ("the Custody Order") concerning the minor child. On 19 September 2013, Defendant filed a motion seeking to hold Plaintiff in contempt for various alleged violations of the Custody Order. On 20 December 2013, Plaintiff filed a cross-motion seeking to hold Defendant in contempt for her alleged violations of the Custody Order. Defendant filed an amended motion for contempt on 27 December 2013. The trial court entered show cause orders, requiring both parties to appear in court and show cause as to why each should not be held in contempt for their alleged violations of the Custody Order.
The parties' cross-motions came on for hearing before the Honorable David H. Strickland in Mecklenburg County District Court on 13 May and 22 May 2014. On 21 July 2014, Judge Strickland entered an order finding Defendant in contempt of court, sentencing her to "an indefinite period of incarceration in the Mecklenburg County Jail," and then staying her sentence for a period of nine months "pursuant to the following purging conditions: (1) Defendant shall abide by all of the terms of the custody order in place and (2) Defendant shall pay a portion of Plaintiff's reasonable attorney's fees in the amount of $7,500.00 [.]" The trial court denied Defendant's motion to hold Plaintiff in contempt. Defendant attempted to appeal from the trial court's order by filing a notice of appeal on 25 August 2014.
Analysis
It is well established that a violation of the jurisdictional rules governing a party's appeal requires this Court to dismiss the appeal. See Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.,362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008) ("A jurisdictional default ... precludes the appellate court from acting in any manner other than to dismiss the appeal."). "Failure to give timely notice of appeal in compliance with Rule 3 of the North Carolina Rules of Appellate Procedure is jurisdictional, and an untimely attempt to appeal must be dismissed." Manone v. Coffee,217 N.C.App. 619, 621, 720 S.E.2d 781, 782 (2011) (citation, quotation marks, and ellipses omitted).
In civil matters, a party seeking to appeal from an order or judgment of the trial court must file and serve a notice of appeal:
(1) within thirty days after entry of judgment if the party has been served with a copy of the judgment within the three day period prescribed by Rule 58 of the Rules of Civil Procedure ; or
(2) within thirty days after service upon the party of a copy of the judgment if service was not made within that three day period....
N.C.R.App. P. 3(c)(1)-(2).
In the present case, the trial court entered its order on 21 July 2014, and Defendant was served with a copy of the order on 24 July 2014. Because Defendant was served within three days of the entry of the order, she had thirty days from 21 July 2014 to file her notice of appeal. See id.Defendant did not file a notice of appeal within this period.
Instead, she filed her notice of appeal on 25 August 2014, and, as such, her appeal was untimely by five days. Because Defendant's notice of appeal failed to comply with the time requirements set forth in Rule 3, this Court lacks jurisdiction and must dismiss the appeal. See Bailey v. State,353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) ("In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure.").
Conclusion
For the reasons stated above, Defendant's appeal is dismissed.
DISMISSED.
Judges BRYANT and INMAN concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from order entered 21 July 2014 by Judge David H. Strickland in Mecklenburg County District Court. Heard in the Court of Appeals 5 May 2015.