DILLON, Judge.
 

 *418
 
 Lauren K. Brown ("Mother") and Marquis Swarn ("Father") are the parents of a minor child, Annie
 
 [1]
 
 . Father appeals from the trial court's second custody order entered in this matter. We hold that we have jurisdiction over this appeal, notwithstanding that Father noticed his appeal seven months after the second custody order was entered. On the merits, we affirm.
 

 I. Background
 

 In June 2014, Mother commenced this action against Father, seeking custody of their child, Annie.
 

 In April 2015, the trial court entered a Consent Order (the "2015 Consent Order"), setting forth certain custody terms as agreed to by the parties.
 

 Over the course of the next year, Father allegedly violated the 2015 Consent Order by depriving Mother of some custody time. To address
 
 *419
 
 Father's violation, in April 2016, Mother filed a Motion to Show Cause and Modify Custody, in part, to seek additional custody time with Annie to make up for the custody time she had lost.
 

 In August 2016, the trial court entered a second custody order entitled the Temporary Non-Prejudicial Custody Order (the "2016 Order"). Seven months later, on 13 March 2017, Defendant filed written notice of appeal from the 2016 Order.
 

 II. Jurisdiction
 

 Mother makes essentially two arguments challenging our appellate jurisdiction in this matter, which we address in turn.
 

 A. Father's Appeal Was Timely
 

 Mother argues that we should dismiss Father's appeal because he failed to appeal in a timely manner, as Father did not notice his appeal until seven months after the 2016 Order was entered. We disagree, as there is nothing in the record showing when Father was served with the 2016 Order or indicating that Father otherwise received actual notice of its entry more than thirty days before he noticed his appeal.
 

 Rule 3 of the North Carolina Rules of Appellate Procedure provides that, unless the judgment is served on the appellant within three days of its entry, an appellant must notice his appeal within thirty (30) days of being
 
 served
 
 the judgment:
 

 In civil actions and special proceedings, a party must file and serve a notice of appeal:
 

 (1) within thirty days after entry of judgment if the party has been served with a copy of the judgment within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure ; or
 

 (2) within thirty days after service upon the party of a copy of the judgment if service was not made within that three-day period[.]
 

 N.C.R. App. P. 3(c) (2015).
 

 There appears to be a tension in our case law regarding the timeliness of an appeal where the record fails to indicate when the judgment was served on the appellant. In at least two cases, our Court has held that where the record fails to include the certificate of service showing the date when the appellant was served the judgment, the time by which the appellant must notice his appeal is tolled indefinitely.
 

 *420
 

 Rice v. Coholan
 
 ,
 
 205 N.C. App. 103
 
 , 110-11,
 
 695 S.E.2d 484
 
 , 489-90 (2010) (holding that "[b]ecause there was no certificate of service filed, the time for filing the notice of appeal was tolled");
 
 Davis v. Kelly
 
 ,
 
 147 N.C. App. 102
 
 , 105,
 
 554 S.E.2d 402
 
 , 404 (2001).
 

 But in another line of cases, our Court has held that even if the record does not show that the appellant was properly served the
 
 *239
 
 judgment, the appellant still must notice his appeal within thirty (30) days of receiving
 
 actual notice
 
 of a judgment's entry.
 
 Manone v. Coffee
 
 ,
 
 217 N.C. App. 619
 
 , 623,
 
 720 S.E.2d 781
 
 , 784 (2011) ("[W]e hold that when a party receives actual notice of the entry and content of a judgment, ... the service requirements of Rule 3(c) of the Rules of Appellate Procedure are not applicable.");
 
 see also
 

 E. Brooks Wilkins Family Med., P.A., v. WakeMed
 
 ,
 
 244 N.C. App. 567
 
 , 573-74,
 
 784 S.E.2d 178
 
 , 183 (2016) ;
 
 Magazian v. Creagh
 
 ,
 
 234 N.C. App. 511
 
 , 513,
 
 759 S.E.2d 130
 
 , 131 (2014) ;
 
 Huebner v. Triangle Research Collaborative
 
 ,
 
 193 N.C. App. 420
 
 , 424-26,
 
 667 S.E.2d 309
 
 , 311-12 (2008).
 

 The tension arises because, in
 
 Rice
 
 and
 
 Davis
 
 , the records on appeal each showed that the appellant had, in fact, received actual notice of the judgment's entry more than thirty days before noticing the appeal. For instance, in
 
 Rice,
 
 the appellee actually argued that the appeal should be dismissed based on the appellant's receipt of actual notice as evidenced in the record, notwithstanding the lack of a certificate of service.
 
 Rice
 
 ,
 
 205 N.C. App. at 110
 
 ,
 
 695 S.E.2d at 489
 
 (stating that trial court sent copies of its order to the parties' counsel). And in the 2001
 
 Davis
 
 opinion, our Court cited to evidence that the appellant had received actual notice of the filed judgment more than thirty days before noticing the appeal:
 

 In the present case, judgment was entered 24 August 2000 and was served on defendant 1 September 2000 as evidenced by a copy of a letter from plaintiff to defendant. Plaintiff did not, however, file a certificate of service as required by Rule 5(d) until 26 October 2000.... Defendant subsequently filed a proper notice of appeal ... on 10 October 2000. Plaintiff argues that defendant filed the notice of appeal more than 30 days after the judgment was entered and that her appeal should therefore be dismissed. We note that plaintiff did not fully comply with the service requirements of Rule 58 of the Rules of Civil Procedure until 26 October 2000 since that is the date he filed a certificate of service with the court. The running of the time for filing and serving a notice of appeal was
 
 *421
 
 tolled pursuant to N.C.R. App. P. 3 until plaintiff's compliance, and defendant's notice of appeal is, therefore, timely. Plaintiff's motion to dismiss the appeal is denied.
 

 Davis
 
 ,
 
 147 N.C. App. at 105
 
 ,
 
 554 S.E.2d at 404
 
 .
 

 We note, however, that the tension is more apparent than real. Specifically,
 
 Rice
 
 and
 
 Davis
 
 never squarely addressed the relevance of the appellant's actual notice of a judgment's entry. For instance, the 2011
 
 Rice
 
 opinion never mentions the "actual notice" argument made by the appellee in that case, but simply relied on the 2001
 
 Davis
 
 holding in concluding that the appeal was timely noticed due to the lack of a certificate of service.
 
 Rice,
 

 205 N.C. App. at 110-11
 
 ,
 
 695 S.E.2d at 489-90
 
 . And the
 
 Davis
 
 Court did not address the "actual notice" argument, as we held in our 2008
 
 Huebner
 
 opinion:
 

 Contrary to plaintiff's assertion, we do not read
 
 Davis
 
 as conclusively resolving the issues of actual notice and waiver. While it appears that similar to plaintiff here, the defendant in
 
 Davis
 
 had actual notice of entry of judgment and the judgment's content, the Court did not discuss the issue of actual notice....
 

 Based on the lack of discussion of actual notice and waiver in
 
 Davis
 
 ..., we do not believe that
 
 Davis
 
 forecloses dismissal of an appeal based on waiver due to an appellant's extended delay in filing the notice of appeal where the record clearly indicates that an appellant has actual notice of the entry of judgment and its content.
 

 Huebner
 
 ,
 
 193 N.C. App. at 424-25
 
 ,
 
 667 S.E.2d at 312
 
 . Therefore, whereas
 
 Davis
 
 and
 
 Rice
 
 do not address the actual notice issue head-on, the line of cases which do address the issue head-on stands for the following proposition: where evidence in the record shows that the appellant received actual notice of the judgment more than thirty days before noticing the appeal, the appeal is not timely.
 

 Our Supreme Court has similarly acknowledged the importance of "fair notice" in determining when the time for an appellant to file an appeal begins to run.
 
 Stachlowski v. Stach
 
 ,
 
 328 N.C. 276
 
 , 287,
 
 401 S.E.2d 638
 
 , 645 (1991) (holding that constructive entry of a
 
 *240
 
 judgment may occur when the judgment's terms are final and the parties have received fair notice of the judgment). In 1993, we relied on
 
 Stachlowski
 
 in holding that an appeal was not timely when noticed
 
 thirty-one
 
 days after appellant
 
 *422
 
 received actual notice of the judgment.
 
 Saieed v. Bradshaw
 
 ,
 
 110 N.C. App. 855
 
 , 860,
 
 431 S.E.2d 233
 
 , 236 (1993).
 
 [2]
 

 All the cases however, implicitly suggest, and we so hold, that the burden is
 
 on the appellee
 
 to show that the appellant, in fact, received actual notice more than thirty days before the appeal to warrant a dismissal of the appeal. That is, where there is no certificate in the record showing when the appellant was served with the judgment, it is not the appellant's burden to show when (s)he received actual notice. There was no such burden placed on the appellant in
 
 Rice
 
 or
 
 Davis
 
 or in any of the cases discussing the issue of actual notice.
 

 In the instant case, the trial court orally
 
 rendered
 
 its 2016 Order on 2 August 2016 at the conclusion of the hearing and
 
 entered
 
 the 2016 Order on 26 August 2016. The record, however, does not contain a certificate to evidence when Father was
 
 served
 
 with the 2016 Order or anything indicating when Father
 
 received actual notice
 
 that it had been entered.
 
 [3]
 
 Accordingly, we hold that where, as here, there is no certificate of service in the record showing
 
 when
 
 appellant was served with the trial court judgment, appellee must show that appellant received actual notice of the judgment more than thirty days before filing notice of appeal in order to warrant dismissal of the appeal.
 

 B. Father's Appeal Is Not Interlocutory
 

 Mother argues that even if Father's appeal was timely noticed, it should be dismissed because it is from an interlocutory order. We disagree.
 

 "As a general rule, interlocutory orders are not immediately appealable."
 
 Turner v. Hammocks Beach Corp.
 
 ,
 
 363 N.C. 555
 
 , 558,
 
 681 S.E.2d 770
 
 , 773 (2009). This Court has held that temporary child custody orders are interlocutory, that they do not affect a substantial right, and that no
 
 *423
 
 immediate right to appeal lies therefrom,
 
 Sood v. Sood
 
 ,
 
 222 N.C. App. 807
 
 , 809,
 
 732 S.E.2d 603
 
 , 606 (2012) ; but that an appeal of right does lie from the final, permanent custody order reflecting the trial court's ultimate disposition.
 

 Id.
 

 For the reasons stated below, we hold that the 2016 Order, though denominated a "temporary order," is in fact a permanent order and, therefore, is immediately appealable.
 

 This Court has repeatedly followed the rule that "an order is temporary if either (1) it is entered without prejudice to either party[;] (2) it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief; or (3) the order does not determine all the issues."
 
 Senner v. Senner,
 

 161 N.C. App. 78
 
 , 81,
 
 587 S.E.2d 675
 
 , 677 (2003). We find that, despite the Order's title given by the trial court, the 2016 Order is a permanent child custody order. The terms of the Order do not mention withholding prejudice to either party, and there are no dates established in the Order for future proceedings. The 2016 Order provides a custody schedule and states that the "parties shall continue with this schedule until there are further orders of this court," giving permanent effect to the order's terms until such time as they are properly superseded or modified. The 2016 Order speaks to all pertinent issues and
 
 *241
 
 appears to be permanent and final. Father's appeal is not interlocutory.
 

 Therefore we hold that we have jurisdiction over Father's appeal.
 

 III. Analysis
 

 Here, the trial court entered the 2016 Order, which modified certain terms of the 2015 Consent Order, based on findings that such changes were in the best interests of Annie. Father argues that the 2016 Order should be reversed because the trial court failed to make appropriate findings of fact regarding a
 
 substantial change in circumstances
 
 from the time the earlier custody order (the 2015 Consent Order) was entered. That is, Father contends that the earlier 2015 Consent Order was a
 
 permanent
 
 custody order which could only be modified based on a "change of circumstances" analysis. We disagree.
 

 Modification of a
 
 permanent
 
 child custody order requires the trial court to make specific findings of fact showing a substantial change in circumstances warranting modification.
 
 See
 

 Shipman v. Shipman
 
 ,
 
 357 N.C. 471
 
 , 473,
 
 586 S.E.2d 250
 
 , 253 (2003) ;
 
 N.C. Gen. Stat. § 50-13.7
 
 (a) (2015). Modification of a temporary order, however, requires a much less stringent standard, such as considering the best interests of the child.
 
 See
 

 Smith v. Barbour
 
 ,
 
 195 N.C. App. 244
 
 , 251,
 
 671 S.E.2d 578
 
 , 583 (2009).
 

 *424
 
 We hold that the prior 2015 Consent Order was a
 
 temporary
 
 custody order. Though the 2015 Consent Order made no mention of prejudice to the parties or stated a definitive future date for further proceedings, the 2015 Consent Order did leave issues concerning Annie's custody to be determined at a later date. For instance, the 2015 Consent Order states that "[t]he parties shall attend Child Custody Mediation in June of 2015 to discuss elementary school attendance and any other custody matter which needs to be addressed." Further, the 2015 Consent Order did not resolve with whom Annie would spend holidays, leaving it up to the parties to reach some agreement. This language reflects the trial court's intent to have the 2015 Consent Order bridge the gap until future discussions could lead to entry of a more permanent order covering all issues.
 
 See
 

 Dancy v. Dancy
 
 , --- N.C. App. ----, ----,
 
 785 S.E.2d 126
 
 , 129 (2016) (finding that the issue of custody on holidays had been decided, but that additional visitation issues remained). Therefore, we conclude that the 2015 Consent Order was temporary and, accordingly, the trial court did not err in applying a "best interests of the child" standard in its 2016 Order to modify the 2015 Consent Order.
 

 AFFIRMED.
 

 Judges BRYANT and Judge DIETZ concur.
 

 [1]
 

 A pseudonym.
 

 [2]
 

 Saieed
 
 was decided when Rule 58 required that the clerk mail a notice of a judgment's filing to the parties in order to complete the "entry" of the judgment. In
 
 Saieed
 
 , the record failed to show that the clerk ever mailed the notice and, therefore, there was no evidence that the judgment was technically "entered." Relying on our Supreme Court's reasoning, we dismissed the appeal, notwithstanding that the judgment had not yet been properly entered pursuant to the requirements under Rule 58, where the record showed that the appellant had received actual notice of the judgment thirty-one (31) days before noticing the appeal, making the notice one day too late.
 

 [3]
 

 It is obvious from the record that Father did receive such actual notice of the 2016 Order's entry at some point based on his reference to the Order in his notice of appeal. However, there is no indication in the record that Father received actual notice more than thirty days before noticing his appeal.